## THE PEOPLE v. JEREMIAH DRENNAN.

86    445
d155    2410

*Liquor traffic—Illegal sales—Information—Charge to jury.*

1. An objection that the complaint and warrant against a liquor-dealer for engaging in the business without paying the required tax do not negative his being a druggist, etc., cannot be raised upon the trial, where the information contains such negative averment, but should be made by a motion to quash the information before pleading.

2. The burden of proof is upon the people to show beyond a reasonable doubt that the respondent was engaged in the business, and had not paid his tax, and a refusal so to instruct the jury is error.

Exceptions before judgment from Wayne. (Hosmer, J.) Argued June 18, 1891. Decided July 3, 1891.

Respondent was convicted of engaging in the business of selling liquors without having paid the tax required

---

by Act No. 313, Laws of 1887.  Conviction reversed, and new trial ordered.  The facts are stated in the opinion.

*George W. Coomer,* for respondent.

*A. A. Ellis,* Attorney General, for the people.

MORSE, J.  The respondent was convicted in the Wayne circuit court upon the charge that he was engaged on the 28th day of May, 1889, at the city of Wyandotte, in the business of selling, by retail, malt, brewed, fermented, and intoxicating liquors, without having paid the tax required by law upon such business; he not being then and there a druggist, etc.

It seems that the complaint and warrant upon which respondent was arrested and held to trial did not negative that Drennan was a druggist.  Respondent pleaded to the information, which contained the proper averment that he was not a druggist, etc.  When the first witness was sworn on behalf of the prosecution, defendant's counsel objected to the introduction of any testimony, for the reason that the complaint and warrant did not charge any offense known to the law.  The objection was overruled, and the trial proceeded.  We think the objection came too late.  This question should have been raised by motion to quash the information. before pleading.

But the court erred in not giving the following request, asked by respondent:

"In this case, as in all other criminal cases, the law presumes every one to be a law-abiding person, and the guilt of the accused must be fully proven, to the exclusion of all reasonable doubt."

The circuit judge made no reference whatever to the matter of reasonable doubt.  He said, in substance, that there was evidence tending to show that the business was being carried on, and that the statute provides

specifically that all persons who are engaged in the sale of, or keeping for sale, any of the liquors mentioned in the act, whether as owner or clerk, agent, or servant or employé, shall be equally liable as principals for any violation of the act; referring to Act No. 313, Laws of 1887; and further said:

"It is a stringent provision, gentlemen of the jury, but still it is law upon the statute books, which the Legislature has, in its wisdom, passed. Now, gentlemen of the jury, if you find from the evidence in this case that Mr. Drennan, under that provision of the act, *or under any other provision of the act,* has been guilty, either as owner or as clerk for his brother,—and, when I say clerk, I mean that any one who voluntarily offered any assistance would come within the provisions of the act, equally as one who was hired,—why, then, gentlemen of the jury, you will return a verdict of guilty."

The evidence in the case on the part of the people was—

1. The testimony of Richard Tregaskis, who had charge of the record of liquor taxes in the county treasurer's office, that respondent had paid no liquor tax for the year 1889, on the 28th of May in that year.

2. The city marshal testified that respondent kept a grocery in Wyandotte; that there was on said 28th day of May, 1889, a saloon in the same building; that he went there that day, and drank a glass of beer, which was given him by the respondent. He could not swear that he had seen the respondent sell any liquor at any other time on that date or since. Had seen him in the saloon, but a young man named Marsh was attending the bar.

Drennan was sworn in his own behalf, and testified that he was not engaged in the liquor business on the 28th day of May, 1889, and that his brother William, since deceased, was running the saloon, and had been since the 1st of January, 1888, until his death, in October, 1889. It was shown on his cross-examination that

in his brother's life-time respondent began suits in his own name for the collection of bar-bills, and since the 28th of May, 1889. But on redirect he said that one of these suits was for liquor sold four or five years ago, and that none of the bills so sued were contracted since May 28, 1889, to his knowledge. The prosecuting attorney asked him the following question:

"Have you ever attended bar during the life-time of your brother and sold liquors, except this time that Mr. Thon testifies to?

"A. I guess I have, in his absence, and none of his bar-tenders were there. I would go in and assist when I was not in the post-office in evenings, or something like that, or in the day when I was not busy."

Respondent was acting as postmaster there for nearly four years. It will be seen that the evidence not only fails to show that William Drennan had not paid his tax up to the 1st of May, 1889, for the year before, but there is no evidence that he had not paid the tax upon this business for the year commencing May 1, 1889. Respondent, therefore, could not, as the proofs stood, have been convicted under the information as a clerk of his brother, but only as the owner of the business.

It may be truly said that there was some evidence tending to show that it was his own business, but upon this he was entitled to the benefit of all reasonable doubts. It was not sufficient to show that the respondent sold one glass of liquor, and had not paid the tax, when he gave testimony tending to show that he sold this liquor for his brother, and that his brother, and not himself, was engaged in the business. The burden of proof is upon the people, and that beyond a reasonable doubt. It was the duty of the prosecution in this case to show beyond a reasonable doubt that respondent was engaged in the business, and had not paid his tax, or

that he sold liquor for his brother, who had not paid the tax upon the business at this particular place. Under the evidence, the whole theory of the charge was wrong.

The verdict must be set aside, and a new trial granted.

The other Justices concurred.