## PEOPLE *v.* BOOS.

1. INTOXICATING LIQUORS — UNLAWFUL SALES — CRIMINAL LAW — QUESTION FOR JURY.

    In a prosecution for the unlawful sale of intoxicating liquors, there was evidence that respondent had a place of business in a certain location; that said place contained a bar and other paraphernalia of a saloon; that persons were in said place buying and drinking beer; and that respondent was in the front room of said place admitting men and directing them into a back room where said sales were being made. *Held*, that the evidence was sufficient to take the question to the jury as to whether the business of selling intoxicating liquors was being carried on.

2. SAME—EVIDENCE—ADMISSIBILITY.

    Permitting a witness to state that the place in question was respondent's place of business was not error, it being an affirmative statement of fact. It was open to respondent's counsel to cross-examine the witness as to the source of his information. In the absence of anything qualifying such statement it was some evidence that the place was in fact the respondent's place of business.

3. SAME—UNLAWFUL SALES—CRIMINAL LAW—INSTRUCTIONS.

    An instruction that if there was an unlawful business being done, and respondent was engaged in it, or took part in conducting it, he was guilty; and it was not necessary for the people to show the interest respondent had, whether as a clerk or a partner, was warranted under the evidence, there being no testimony tending to show that the business which was being carried on was the lawful business of another. *People* v. *Drennan*, 86 Mich. 445, distinguished.

4. SAME—UNLAWFUL SALES—CRIMINAL LAW—DEFENSES.

    The fact that the respondent's son had been previously prosecuted for conducting a business at the same place would not bar a proceeding against respondent.

5. TRIAL—CONDUCT OF COUNSEL—ARGUMENT.

    On the argument to the jury, in a prosecution for the unlawful sales of intoxicating liquors, it was not error for the prosecuting attorney to state his belief that the evidence in the case was overwhelming that respondent was engaged in the business at that time.

Exceptions before judgment from the superior court of Grand Rapids; Stuart, J.   Submitted November 19, 1908.   (Docket No. 171.)   Decided February 2, 1909.

Philip Boos was convicted of violating the liquor law. Affirmed.

*Rodgers & Rodgers,* for appellant.

*John W. Powers,* Prosecuting Attorney, for the people.

MONTGOMERY, J.   The respondent was convicted of the offense of engaging in the business of selling at retail spirituous, malt, brewed, and fermented liquors without having received from the county treasurer and posting in his place of business a tax receipt required by law. Testimony offered on behalf of the people tended to show: That respondent had a place of business at the northwest corner of Alpine avenue and North street, in the city of Grand Rapids, and that on the 26th of April, 1907, two police officers visited the place, and that, looking through the window, they saw what one of the witnesses said was "lager beer" sold.   The other, although not so positive in his statements, also thought it was lager beer, some of it from bottles with the label of the Furniture City Brewing Company on them.   That this occurred in the second room, and that respondent stood in the front room, and admitted different men into the room, and apparently directed them into the second room.   No testimony was offered on behalf of the respondent.

The contention on behalf of the respondent in this court is, *first,* that the people failed to show that the business conducted at this place was the business of the defendant; *second,* that they had not shown that the business conducted was not a licensed business; and, *third,* that they had not shown that the business of selling intoxicating liquors was being carried on.

As to the last contention, it is sufficient to say that this

is a question of fact as to which the evidence offered on behalf of the people was abundant to carry the case to the jury. The testimony that the bottles were labeled with the name of the brewing company, and the statement of one of the witnesses that it was lager beer, was sufficient evidence for this purpose. This in connection with the surroundings, the paraphernalia of a saloon being present, was enough to indicate that the parties, whoever they were that were conducting these sales, were engaged in the business.

It is next contended that the court was in error in admitting the testimony bearing upon the question of whether this was the respondent's place of business. The witness Dunn, a police officer, when on the stand, was asked this question:

"Do you know his [respondent's] place of business on Alpine avenue?
"*A.* I do."

This was objected to. It is now contended that this was not a proper way to show that this was respondent's place of business. We think, however, that the question of whether a certain location is the place of business of another is a question of fact and a statement of fact which may be made affirmatively by a witness. There was no cross-examination of the witness upon this point, and nothing to indicate a want of sufficient knowledge on which to base a statement. It is true that it may have been to a certain extent an inference from facts, but, had the respondent's counsel desired to ascertain further the sources of witness' information, he should have availed himself of the opportunity of cross-examination upon this question. There was also testimony that the plaintiff lived in the upper rooms of this building, and we think, taken together with the statement of this witness, it was some evidence that the place described was in fact the respondent's place of business.

The principal question arises out of the charge of the

court, the substance of which was finally restated by the court in response to a question by counsel for defendant as follows:

" What I intended to say and I think that is the rule that if there was a business being carried on there which was an unlawful business, and he (respondent) was engaged in it, took a part in carrying it on, was helping carry it on, that he would be guilty; that it is not necessary for the prosecutor to show what interest he has in it, whether he is a clerk or a partner, or how he is interested, but that he is one of the persons that is helping to conduct an unlawful business; that he would be guilty."

It is claimed that this was error. Reliance is placed upon the case of *People* v. *Drennan*, 86 Mich. 445. In that case it appeared that the respondent was acting as postmaster, and that at times he sold liquor in a saloon adjacent to the post office, and there was testimony offered on behalf of the defendant tending to show that his brother was running the saloon. There was no evidence offered by the people to negative the fact that the brother had paid the tax regularly. It was said that it was the duty of the prosecution to show that respondent was engaged in the business, and had not paid his tax, or that he sold liquor for his brother who had not paid the tax on the business at that particular place. This was undoubtedly correct as applied to the facts of that case.

In the present case, so far as the testimony tended to show that any person was engaged in the business, the respondent alone was the person named in the testimony, and the testimony on the part of the people negatived the fact that he had paid any tax for the business at this place. Respondent's counsel asked an instruction that, before he could be convicted, it was necessary to show that the business was that of Philip Boos, Sr., and that he received the profits, if any profits were made, and suffered the losses, if any losses were suffered. It is conceded in this case, however, that, if the respondent was actually assisting in carrying on a business on which he

had not paid the tax and the proofs covered such a case, it would not be material if he did not receive the profits. But it is said if the man who sold the beer in the back room had a license to do so, or if anyone had a license to sell beer in that place, the conduct of the respondent would be perfectly legal, and it is contended that the testimony of the county treasurer raised the issue squarely as to whether the business being conducted there was the business of the respondent. If it was, he could not be properly convicted. If it was not his business, but was the business of someone else, and he was aiding in carrying it on, he could not be convicted because there was no evidence that such a business was not a licensed, lawful business. It will be seen that this was simply a theory of counsel. It is possible, if the record failed to disclose what that theory specifically was, that there might be some force to this contention, although the only proof in the case upon the subject of the proprietorship of the business was that it was that of the respondent himself. However, an examination of the charge discloses what the respondent's theory was. There appeared in the course of the charge to the jury the statement that Philip Boos, Jr., had been arrested for conducting a business at the same place previous to this time, and it was contended that that proceeding was a bar to this action, and this though respondent offered no evidence tending to show that this business was that of Philip Boos, Jr. The court very properly charged the jury that the previous arrest of Philip Boos, Jr., would not be a bar to the present prosecution. He added:

"Of course, if this man is not engaged in conducting a business there, that is the question here, if he is not why is not guilty; but the mere fact that somebody else at some other time has been convicted of conducting a business there does not exclude anybody else being guilty of it at this time; in other words, whether Mr. Boos is convicted or not, if this other man that dealt the beer over the bar and it was beer should be arrested, the mere fact that Mr. Boos

is convicted here today would not prevent the other man from being convicted too."

It so happens that the testimony offered on behalf of the people by the county treasurer was sufficient in its terms to show that Philip Boos, Jr., did not have a license. An examination of the record shows that there is no license for the number in question at Alpine avenue in the name of Philip Boos either for a saloon license or druggist. This testimony could not be true if there was a license in the name of either Philip Boos, Jr., or Philip Boos, Sr., so that it would appear that the request for an instruction on the part of the respondent in this respect should not have been given; for, if the business was the business of Philip Boos, Jr., and the respondent assisted in carrying on the business, he would be equally guilty under the proofs as they appeared in this case.

The other requests for instructions, so far as they were material, were sufficiently covered by the charge of the court. The prosecuting attorney in his argument to the jury made the following statement:

"While I haven't tried as many cases as my Brother Rodgers, yet I have tried a number of criminal cases, and from the evidence in this case, I consider it as overwhelming that Mr. Boos was engaged in the business at that time."

It is argued that this was error, for the reason that it gave the prosecutor's opinion of the guilt of the respondent, and the case of *People* v. *Quick*, 58 Mich. 321, is relied upon. The language employed in that case was quite different from that used in the present. In that case the prosecutor declared to the jury that he stood before them under the solemnity of his official oath, and proceeded:

"And I say to you as a man and a citizen [referring to certain witnesses] that I believe they not only lied, but I believe they committed wilful and deliberate perjury," etc.

The court say:

"This language came from an officer whose sworn duty required him to act only in furtherance of justice, and who is bound by statutory requirements to stand entirely impartial between the complainant and the prisoner. When such an officer gives the jury to understand that what he says is under the sanction of his official oath, and the court, when applied to, declines to correct that statement, it cannot be supposed that jurors may not give credence to it and govern their decision more or less by it."

In the present case the most that can be said is that the prosecutor placed an estimate by way of argument upon the evidence which had been offered by the people as bearing upon a certain fact in the case, an argument that the testimony was overwhelming to establish that fact. We cannot think that this was exceeding the right of the prosecutor to contend for the truth of the testimony offered and for the inference therefrom essential to maintain his case.

No error was committed to the prejudice of the respondent, and the conviction will be affirmed.

BLAIR, C. J., and GRANT, OSTRANDER, and BROOKE, JJ., concurred.