## KULP v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. January 19, 1914.)

No. 1795.

1. CRIMINAL LAW (§ 1167*)—WRIT OF ERROR—MISJOINDER OF OFFENSES.
   Accused was not prejudiced by the denial of his motion to quash an indictment for misjoinder of different offenses of the same character, where the government offered no testimony in support of counts charging one offense, assented to their dismissal, and the case was submitted to the jury on other counts based on a single transaction.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3101, 3103–3106; Dec. Dig. § 1167.*]

2. CRIMINAL LAW (§§ 351, 412*)—EVIDENCE—INTENT—ACTS AND DECLARATIONS.
   In a prosecution for transporting a female in interstate commerce in violation of the White Slave Traffic Act (Act Cong. June 25, 1910, c. 395, 36 Stat. 824 [U. S. Comp. St. Supp. 1911, p. 1343]), acts done and declarations made by accused after such transportation, and elsewhere, are admissible as bearing on his intent.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 776, 778–785, 894–917, 919–935; Dec. Dig. §§ 351, 412.*]

3. CRIMINAL LAW (§ 751*)—TRIAL—CONTINUANCE—DISCRETION.
   Act Pa. March 15, 1911 (P. L. 20), provides that accused, while a witness in his own behalf, shall not be asked, or if asked, shall not be required to answer, any question tending to show that he had been of bad character or reputation. Held, that where the district attorney in cross-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

examining accused asked him if he had not, at one time, been a sort of a detective, and, on receiving an affirmative answer, asked if his license had not been revoked, which question was excluded on objection, the trial court's further refusal to withdraw a juror because the question had necessarily operated to defendant's prejudice was not an abuse of discretion.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 751.*]

4. CRIMINAL LAW (§ 720*)—TRIAL—ARGUMENT OF COUNSEL.

In a prosecution for violating the White Slave Traffic Act (Act June 25, 1910, c. 395, 36 Stat. 824 [U. S. Comp. St. Supp. 1911, p. 1343]), the district attorney in argument stated that if the jury believed the testimony of accused in preference to certain other witnesses, the government might as well go out of business, and not try such cases, and again, in referring to one who had been jointly indicted with accused, and who had pleaded guilty, stated that he was not all that he ought to be, but he had pleaded guilty and would be punished. On being required by the court to qualify the latter remark, the attorney stated that he expected such codefendant would be punished, but that was something the attorney had nothing to do with, and that no one could give him freedom but the court. *Held*, that such remarks were unobjectionable.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1670, 1671; Dec. Dig. § 720.*]

5. CRIMINAL LAW (§ 789*)—TRIAL—INSTRUCTIONS—"REASONABLE DOUBT."

An instruction defining "reasonable doubt" as one which would be raised in the minds of reasonable men by the evidence in the case, and which would require evidence to remove, and not a doubt raised by some whim, caprice, or prejudice on the part of any of the jurors, was proper.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1846–1849, 1851, 1880, 1904–1922, 1960, 1967; Dec. Dig. § 789.*

For other definitions, see Words and Phrases, vol. 7, pp. 5958–5972; vol. 8, p. 7779.]

6. CRIMINAL LAW (§ 1156*)—NEW TRIAL—AFFIDAVITS—REVIEW.

An order excluding affidavits, filed as a basis for a new trial for newly discovered evidence, on the ground that they were insufficient, cannot be reviewed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3067–3071; Dec. Dig. § 1156.*]

7. CRIMINAL LAW (§ 1128*) — WRIT OF ERROR — NEW TRIAL — DENIAL — AFFIDAVITS.

On a writ of error to review a conviction, the Court of Appeals cannot consider affidavits of newly discovered evidence, made several months after sentence and handed up on the argument of the writ, as bearing on a motion for new trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2951–2953; Dec. Dig. § 1128.*]

In Error to the District Court of the United States for the Middle District of Pennsylvania; J. Whitaker Thompson, Judge.

Harry E. Kulp was convicted of violating the White Slave Traffic Act, and he brings error. Affirmed.

S. S. Herring, of Wilkes-Barre, Pa., for plaintiff in error.

A. B. Dunsmore, U. S. Dist. Atty., of Wellsboro, Pa., and Andrew Hourigan, Asst. U. S. Dist. Atty., of Wilkes-Barre, Pa.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

J. B. McPHERSON, Circuit Judge. [1] Two defendants, Harry E. Kulp, the plaintiff in error, and Steve Stevens, were indicted for violating Act June 25, 1910, c. 395, 36 Stat. 824 (U. S. Comp. St. Supp. 1911, p. 1343), commonly known as the White Slave Traffic Act. Stevens pleaded guilty, but Kulp made a vigorous defense. The indictment contained 16 counts; of these the first 12 may be divided into two groups, one group charging the Shenandoah offense (to use a convenient phrase), and the other group charging the Wilkes-Barre offense. In these 12 counts Kulp and Stevens were indicted jointly; in the remaining 4 Kulp alone was indicted, being charged therein with an independent offense under the same statute, committed on different dates, with a different woman, and in connection with different interstate journeys. When the case was called for trial Kulp moved to quash the indictment for misjoinder of offenses, and excepted to the court's refusal of this motion. The question thus raised would need consideration (see McElroy v. United States, 164 U. S. 76, 17 Sup. Ct. 31, 41 L. Ed. 355), if it were not for the facts that the government did not offer a word of testimony to support the last four counts, and assented to their dismissal by the court on Kulp's motion before he was required to proceed with his defense. It is clear, therefore, that he suffered no harm by the refusal to quash, and we need not consider this objection further.

He was convicted on the first, second, ninth, and tenth counts, all relating to the Wilkes-Barre offense, and his principal contention now is that the judgment ought to have been arrested, because there was no evidence—or practically none—to prove that the offense was committed in the Middle District. But the assertion is not founded in fact. We have carefully examined the whole record on this subject, and we find without difficulty that direct and positive evidence was given in support of each count on which he was convicted. The first two counts charge him with having caused to be transported, and with having aided and assisted in obtaining transportation for, and in transporting, in interstate commerce, two women for the purpose of prostitution; and the ninth and tenth counts charge him with causing these women to be persuaded, induced, etc., to go as passengers in interstate commerce for the same purpose. There is no doubt, and indeed there is no denial, that he furnished the transportation for both girls, and there was evidence (although it was conflicting) from which the jury might find the fact of persuasion. Both acts were done—if done at all—within the Middle District of Pennsylvania, and the verdict establishes these facts in favor of the government.

[2] Sufficient evidence also was offered to prove his then existing intention and purpose, and it was not necessary that the words and the acts indicating such intention and purpose should have been said and done within a particular geographical area. Acts done and declarations made afterward and elsewhere might be relevant to throw light upon the state of his mind and his will while he was furnishing the transportation and persuading the girls to take the interstate journey in question. The learned judge submitted the evidence upon this subject to the jury with proper instructions.

[3] The remaining assignments need little discussion. Complaint is made, because the court did not continue the case after the government had asked the following questions upon Kulp's cross-examination:

"Q. You were at one time a sort of detective, I believe, about Wilkes-Barre? A. Yes, sir.   Q. Your license was revoked, was it not?"

This question was objected to on the ground that a Pennsylvania statute, passed March 15, 1911 (P. L. 20) provides (with certain exceptions) that no person charged with a crime and called as a witness in his own behalf shall be asked—or, if asked, shall be required to answer—any question tending to show that he has been of bad character or reputation. The trial judge sustained the objection, and the defendant was not required to answer, but the objection was coupled with a motion that a juror be withdrawn and the case continued; the ground being that the question itself was improper, and might do harm in the minds of the jury. This motion was refused, but we see nothing in the refusal of which the defendant has any good reason to complain. The trial judge was not obliged to withdraw a juror, and properly exercised his discretion in refusing; as Kulp had not been compelled to answer the question, he had received the full protection of the statute. For the purposes of this case we assume (but without deciding) that the statute applies to practice in the federal courts.

[4] He also complains that during the government's closing argument to the jury the United States attorney said, and the court refused to sustain an objection thereto:

"If you believe that—namely, that the testimony of Mr. Kulp, an interested witness in the case, should be believed in preference to the testimony of Mrs. Phillips, Tom Phillips, and these two girls—the government might as well go out of business, might as well not attempt to try such cases."

And it is further assigned for error, that the United States attorney said also in the course of the same address:

"Mr. Stevens isn't all he ought to be by a great deal, but he has entered a plea of guilty and he will be punished."

Neither remark seems offensive; but, upon objection to the last, the court required the government to qualify it, and this was done as follows:

"I expect he will be punished when he comes up before the court. That is something I have nothing to do with. I am assuming he will be, and of course no one can give this man freedom excepting the court."

We see nothing inflammatory in either of these remarks. Both statements were within the limit of fair and vigorous argument, and we would be slow to hold that they vitiated the trial when the learned judge did not even require them to be withdrawn, and did not regard them as important enough to call for any other interference on his part than is shown above. No abuse of discretion appears in what took place on either occasion.

[5] And, finally, we see no error in the following instruction concerning reasonable doubt:

"When I say reasonable doubt I mean a doubt which would be raised in the minds of reasonable men by the evidence in the case, and which will re-

quire evidence to remove, and not a doubt raised by some whim, caprice, or prejudice on the part of any of the jurors."

[6, 7] The seventh assignment complains of the court for refusing a new trial on the ground of after-discovered evidence, and Mattox v. U. S., 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917, is cited in support of the assignment. The case does not apply. There the trial judge excluded the affidavits, and, as he had not considered them at all, the Supreme Court did consider them on appeal. But here the affidavits were considered by Judge Thompson, and were held to be insufficient. We cannot review this action, and manifestly we cannot be influenced by other affidavits that were made several months after the sentence, and were handed to us on the argument of this writ.

The defendant had a fair trial, and we discover no error that would justify us in disturbing the verdict.

The judgment is affirmed.