## STATE v. A. J. KAUFMAN.[1]

May 1, 1914.

Nos. 18,536—(3).

**Carnal knowledge of child — evidence admissible.**

1. On a prosecution for the offense of carnal knowledge of a child, evidence of conduct on the part of defendant tending to destroy the child's modesty and physically to prepare her for coition, *held* admissible.

**Conviction sustained by evidence.**

2. Evidence held sufficient to sustain the conviction.

Defendant was indicted by the grand jury of the crime of carnally knowing and abusing a female child, was tried and convicted in the district court for Stearns county before Roeser, J., and a jury, and

1 Reported in 146 N. W. 1115.

sentenced to hard labor in the state prison for an indeterminate term. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Stan. J. Donnelly* and *Haggard & Broady,* for appellant.

*Lyndon A. Smith,* Attorney General, and *Paul Ahles,* County Attorney, for respondent.

PHILIP E. BROWN, J.

Defendant, a physician, was convicted by a jury of the offense of carnal knowledge of a child, and after new trial granted was again so convicted. He appealed from an order denying a new trial.

The state claimed, and introduced evidence tending to show, that while defendant was treating the child professionally he required her unnecessarily to expose her person and manipulated her sexual organ, with the view of subsequently committing the crime of which he was convicted as of a considerably later date, and that the same was perpetrated for the most part while the child was asleep, being practically consummated before she awoke. The only questions raised by the assignments of error relate to the admission of testimony concerning such exposure and manipulation, and to the sufficiency of the evidence to sustain the verdict.

1. The testimony was admissible as showing: First, the relations of the parties; second, defendant's preparation for the crime; and third, with respect to the manipulation, as explanatory of the child's testimony to the effect that the intercourse occurred in part while she slept. The first and third grounds, being elementary, require no discussion. The second rests upon the rule of evidence that any fact constituting preparation for an act is deemed relevant. Reynolds' Stephen on Evidence, art. 7; 11 Am. & Eng. Enc. Law, (2d ed.) 508. Defendant's alleged conduct in destroying the girl's modesty and physically preparing her for coition, must be regarded as within the rule. Nor was evidence thereof incompetent because of its tendency to prove an independent crime. State v. Hayward, 62 Minn. 474, 482, 65 N. W. 63; 1 Dunnell, Minn. Dig. § 2459. It was admissible because relevant to the issue. As said in Com. v. Robinson, 146 Mass. 571, 578, 16 N. E. 452, 455:

"Precedent acts which render the commission of the crime charged more easy, more safe, more certain, more effective to produce the ultimate result which formed the general motive and inducement, if done with that intention and purpose, have such a connection with the crime charged as to be admissible, though they are also of themselves criminal."

See, also, State v. Trusty, 122 Iowa, 82, 97 N. W. 989.

2. For obvious reasons, we refrain from detailing or discussing the salacious evidence. After examination thereof we conclude that the questions involved were of fact for the jury's determination, and, notwithstanding defendant's strenuous denial of guilt, that the verdict is sustained and must stand.

Order affirmed.