## The People of the State of Illinois, Defendant in Error, v. Charles Carter, Plaintiff in Error.

### (Not to be reported in full.)

Error to the County Court of Champaign county; the Hon. WILL-IAM G. SPURGIN, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 5, 1914.

### Statement of the Case.

Information by the People of the State of Illinois charging Charles Carter with selling intoxicating

liquor in the town of Champaign in Champaign county while the same was anti-saloon territory. The information consisted of twenty counts, the only difference between them being the date on which the sales are alleged to have been made. There was a trial before a jury and the defendant was found guilty on the first twelve counts. Motions for a new trial and in arrest of judgment were overruled and judgment imposing a fine and imprisonment was entered on the verdict. To reverse the judgment, defendant brings error.

HERRICK & HERRICK, for plaintiff in error.

LOUIS A. BUSCH, for defendant in error; O. B. DOBBINS, of counsel.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 119*—*when date of sales alleged in information immaterial.* The date of sales alleged in an information charging a defendant with selling intoxicating liquors in anti-saloon territory is in no way material, provided the averments and the proof bring the offense within the period of the statute of limitations.

2. INDICTMENT AND INFORMATION, § 45*—*right of defendant to a bill of particulars.* Though a defendant in an information is not entitled to a bill of particulars as a matter of right, the State's Attorney should be required to furnish one where it is made to appear that defendant cannot properly prepare his defense without it. The rule is that the granting of a bill of particulars is within the sound discretion of the court

3. CRIMINAL LAW, § 473*—*when ruling on question asked of juror on preliminary examination not reviewable.* Action of court in a criminal case in sustaining an objection to a question asked of a juror on preliminary examination, *held* not to appear erroneous where the record shows that the question was asked among others but such other questions were not in the record, and it does not show but that the question had been answered by the juror in answer to other questions.

*See **Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same** topic and section number.

4. JURY, § 80*—*when question asked of jury on preliminary examination is informal.* A question asked of a juror on his preliminary examination whether he would presume the defendant not guilty up to the time the jury arrives at a verdict, *held* informal, since it is the presumption of innocence which the law clothes or accompanies a defendant until verdict.

5. INTOXICATING LIQUORS, § 151*—*evidence sufficient to prove sale in antisaloon territory.* On a prosecution for selling intoxicating liquors in a town which was antisaloon territory, evidence *held* sufficient to show that the town was antisaloon territory at the time alleged in the information, where the People introduced in evidence the record of the town clerk showing the results of an election on the question whether the town should become antisaloon territory and the results of all subsequent elections on the question whether the town should remain antisaloon territory, and the returns in the poll books of the different precincts were also offered in evidence and verified the accuracy of the record made by the clerk.

6. EVIDENCE, § 225*—*when testimony should be excluded as hearsay.* On a prosecution for selling intoxicating liquors in antisaloon territory, testimony of witness who was engaged in a transfer business that his driver had delivered beer at defendant's place of business, *held* improperly admitted for the reason it was hearsay, where it appeared that the witness had never delivered anything to defendant's place of business nor seen anything delivered there.

7. WITNESSES, § 207*—*when extent of cross-examination within discretion of court.* The extent of the cross-examination of a witness as to his previous place of residence and occupation, *held* to be within the reasonable discretion of the court.

8. WITNESSES, § 206*—*when witness cannot be cross-examined.* On a prosecution for selling intoxicating liquor in antisaloon territory, where a witness testified on direct examination only as to his place of residence a week before the trial, and nothing further was asked of him, and the witness on cross-examination answered that he had been promised money for testifying in the case, *held* that an objection to a further question whether he had been offered a certain sum or more for testifying in case defendant was convicted was properly sustained for the reason he had not testified to anything in the case.

9. CRIMINAL LAW, § 553*—*when remarks of counsel prejudicial.* Where a defendant charged with an offense did not testify in his own behalf, conduct of counsel for the People in making a remark to the jury in his argument that defendant "has a right to prove his innocence if he wants to," *held* unprofessional and prejudicial, as be-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Carter, 188 Ill. App. 22.

ing an indirect reference to the fact that defendant had the right to testify in his own defense.

10. INTOXICATING LIQUORS, § 158*—*when instruction in words of statute not error.* The giving of an instruction in the words of that part of section 17 of the Local Option Act, J. & A. ¶ 4653, which prescribes the effect of the insurance of an internal revenue special tax stamps, *held* not error.

11. INTOXICATING LIQUORS, § 158*—*right to instruct as to meaning of prima facie evidence.* In a prosecution for the sale of intoxicating liquor in antisaloon territory, the giving of an instruction which simply told the jury of the meaning and effect of the phrase "prima facie evidence" mentioned in section 17 of the Local Option Act, J. & A. ¶ 4653, *held* not error.

12. INSTRUCTIONS, § 101*—*when erroneous as argumentative and as directing attention to testimony of particular witnesses.* In a prosecution for the sale of intoxicating liquor in antisaloon territory, instructions referring to detectives who testified in the case and telling the jury that they should not "be prejudiced to the extent of disbelieving such witnesses simply on account of such facts," *held* erroneous for the reason they are argumentative and direct the attention of the jury to the testimony of particular witnesses.

13. INSTRUCTIONS, § 101*—*when improper as referring to the credibility of particular witnesses.* In a prosecution for the sale of intoxicating liquor in antisaloon territory, an instruction referring to the testimony of detectives *held* vicious in telling the jury that the evidence of private detectives should be received with care and caution.

14. CRIMINAL LAW, § 287*—*when requested instruction as to jury being judges of the law and evidence improperly refused.* The refusal of a requested instruction: "The jury in a criminal case are, by the statute of Illinois, made judges of the law and evidence; and under these statutes it is the duty of the jury, after hearing the arguments of counsel and the instructions of the court, to act upon the law and facts according to their best judgment of such law and such facts," *held* error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.