## STATE v. JOHN TROCKE.[1]

December 11, 1914.

Nos. 18,959—(10).

**Criminal law — conviction sustained by evidence.**

1. Defendant was convicted of the crime of carnally knowing a female child under the age of 18 years. Such conviction may rest upon the uncorroborated testimony of the prosecutrix, unless such testimony be discredited by facts and circumstances casting doubt upon the truth thereof. Evidence examined and *held* sufficient to sustain such conviction.

**Same — cross-examination of prosecutrix.**

2. In such a prosecution, defendant is entitled to much latitude in his

[1] Reported in 149 N. W. 944.

cross-examination of the prosecutrix, but it is not error to exclude a question as to her testimony before the grand jury, asked merely for the purpose of testing her memory.

**Contradictory testimony — request to charge.**

3. Where the prosecutrix and the defendant flatly contradict each other, the jury should be cautioned to weigh carefully all the facts and circumstances tending to show where the truth lies, but a request, so framed as to be liable to mislead them, is properly refused; and giving the substance of so much of the caution embodied therein as is proper, is sufficient.

Appeal by defendant from an order of the district court for McLeod county, Morrison, J., denying a motion for a new trial, after a trial and conviction of the crime stated in the opinion. Affirmed.

*Lawler & Mulally,* for appellant.

*Lyndon A. Smith,* Attorney General, and *Alonzo J. Edgerton,* Assistant Attorney General, for respondent.

TAYLOR, C.

Defendant was convicted of the crime of carnally knowing a female child under the age of 18 years. The case has been tried twice. At the first trial, the jury returned a verdict of guilty, but a motion for a new trial was made and granted. At the second trial, the jury again returned a verdict of guilty. A motion for a new trial was made and denied and defendant appealed.

The assignments of error challenge: (1) The sufficiency of the evidence to sustain the verdict; (2) the ruling of the court in sustaining an objection to a question asked the complaining witness, on cross-examination, concerning her testimony before the grand jury; (3) the refusal of the court to give two of the instructions requested by defendant.

1. The testimony is not elevating and we shall not rehearse it. The prosecutrix testified to the commission of the act charged in the indictment, at the time therein charged, and to the commission of numerous similar acts prior thereto. Her testimony was contradicted by defendant, but, if believed by the jury, was sufficient to sustain the verdict. State v. Newman, 93 Minn. 393, 101 N. W. 499; State v.

Johnson, 114 Minn. 493, 131 N. W. 629. She was also corroborated to some extent by the conduct of the defendant.

2. The prosecutrix had testified, on cross-examination, that acts of intercourse had taken place, at intervals, from March until December 28, 1912; that such an act took place on December 28, but that she could not give the specific date on which any other such act took place. She was then asked: "Do you remember what you testified before the grand jury as to dates of [such] intercourse?" The question was objected to as immaterial and excluded, and the ruling is urged as error. The purpose of the question, as stated by defendant in his brief, was to test the memory of the witness; and the only complaint made is that the ruling unduly restricted his cross-examination. No claim is made that the witness testified differently before the grand jury, nor that the question was asked for the purpose of laying a foundation for impeachment. The defendant, in such a prosecution, is entitled to much latitude in his cross-examination, and the question asked might properly enough have been permitted. The fact that it related to testimony given before the grand jury did not render it inadmissible. 4 Wigmore, Evidence, § 2362. Under the circumstances, however, the admission or exclusion of the testimony rested in the judicial discretion of the trial court. The ruling did not prejudice any of defendant's substantial rights; and was not reversible error, even if based upon a wrong reason.

3. Besides a request for a directed verdict, defendant presented 11 instructions which he requested the court to give to the jury. Eight of these were given, another was given in substance in the general charge, and two were refused. One of those refused directed the jury to take into consideration, "any credible evidence tending to show an attempt on the part of the prosecutrix or her relatives or representatives to extort money from the defendant." This was correctly refused for the reason that there was no evidence of any such attempt. The other, of the two refused, requested the court to instruct as follows concerning the testimony of the prosecutrix:

"The jury are warned that it would be dangerous to convict on her testimony, unless they also find that it is sustained by facts and circumstances corroborating it, and such corroboration should go to the

commission of the offense and not to the defendant's opportunity to commit it or similar collateral or indirect facts and circumstances."

Some states, by statute, have adopted the rule that no conviction shall be had in such cases, unless the testimony of the prosecutrix be corroborated by other evidence tending to show the commission of the offense, and perhaps some courts apply the same rule without statutory authority therefor; but Minnesota, in common with the great majority of the states, holds that a conviction for such an offense may rest upon the uncorroborated testimony of the prosecutrix, unless her testimony be discredited by facts and circumstances casting doubt upon its reliability. It is recognized, however, that the character of the offense is such that there is rarely any direct testimony other than that of the parties themselves; that the charge is not only difficult to prove, if true, but is extremely difficult to defend against, even if utterly untrue; and that, where the testimony of the parties is flatly contradictory, the jury should be cautioned to scrutinize, with care, all the facts and circumstances disclosed at the trial, which tend either to corroborate, or to discredit, the testimony or claims of the one or the other. But, as consent is not a defense to such a prosecution, the rule, applied in prosecutions for rape, that suspicion is cast upon the claim of the prosecutrix by failure to make an outcry, or to make prompt complaint, or by the absence of facts and circumstances which indicate that a struggle has taken place, has no application in such cases.

The instruction requested, as framed, is objectionable, in that the jury were liable to understand from it that corroboration going to the actual commission of the offense was essential to justify a conviction. The charge repeatedly called the attention of the jury to the necessity of carefully considering all the facts and circumstances, disclosed at the trial, which tended to indicate where the truth lay. It is too long to quote, and the cautionary expressions are interspersed throughout its entire length; but the following summary of the cautions given is sufficient to show that they were ample:

The jury were told, in substance, that, to warrant a conviction, all the evidence, when carefully considered and weighed, must produce

in their minds a settled and abiding conviction, to a moral certainty, of the truth of the charge, and satisfy them beyond a reasonable doubt that every material fact necessary to show defendant's guilt has been established; that, if they found that the testimony of the prosecutrix was not corroborated, the crime charged required special scrutiny and a careful weighing of the evidence, and of all remote and near circumstances and probabilities, especially if they should find that such testimony is at all improbable or suspicious; that the accusation is easily made and hard to prove, and, perhaps, harder still to disprove, be one ever so innocent; that, as such acts are not committed in the presence of witnesses, it is important that all the attending circumstances be given such weight in corroborating the truth of the charge, or in casting doubt upon the truth of the charge, as they are fairly and reasonably entitled to, when taken in connection with all the evidence in the case; that the jury should give careful consideration to prosecutrix' subsequent conduct as to complaining of the offense or accusing the defendant, her probable motive in shielding another, and all like testimony as to the probability of the commission by defendant of the act charged; that, in weighing the testimony of the prosecutrix, they must weigh carefully, as affecting her credibility, all testimony tending to show a motive on her part to concoct a false charge against defendant; and that she had admitted acts of immorality with others, which admissions were admitted for the purpose of bearing upon her credibility as a witness, and that, "the testimony of a woman of immoral or unchaste character should be regarded with caution and discrimination, and should be carefully weighed."

The court, in cautioning the jury, gave as much of the substance of the caution embodied in the instruction requested as defendant was entitled to have given, and properly refused to give the instruction as framed.

Order affirmed.