## STATE v. O. M. WASSING.[1]

### November 22, 1918.

### No. 20,980.

**Criminal law — rape — verdict sustained.**

1. The evidence in this case is sufficient to sustain the verdict of guilty.

[1] Reported in 169 N. W. 485.

**Same — absence of corroboration — refusal to instruct.**

2. On trial of an indictment for the crime of carnal knowledge of a girl under 18 years of age it is not error to refuse to instruct the jury that if the testimony of the prosecutrix is not corroborated they would be justified in refusing to convict.

**Same — election by state — discretion of court.**

3. The indictment charged the commission of the offense on or about March 1, 1917, in Minneapolis, Hennepin county, Minnesota. There was evidence of several acts of intercourse. It was not error to refuse to require the state to elect until the close of the state's case on which alleged offense it proposed to rely. The time when such election is required rests largely within the discretion of the trial court.

**Indictment — bill of particulars — time and plan of offense.**

4. Nor was it error to refuse to require the state to furnish defendant with a bill of further particulars as to time and place. If an indictment is so general that it fails to give the defendant adequate notice of the charge he is expected to meet, the court should require a bill of particulars, but this also is a matter resting largely in the discretion of the trial court.

**Criminal law — new trial.**

5. There was no error in refusing a new trial on the ground of newly discovered evidence. The proposed evidence was inconclusive, and it is not clear that it could not by the exercise of diligence have been produced at the trial.

**Contradiction of own witness.**

6. The state had the right to contradict the testimony of one of its own witnesses.

**Misconduct of prosecutor.**

7. Certain acts of alleged misconduct of the prosecutor and alleged irregularities in the conduct of the trial are considered and *held* not ground for a new trial.

**Argument of prosecutor.**

8. The prosecutor may express his belief in the truth of the testimony of a witness, if in so doing he is arguing or drawing deductions from the testimony given in court.

Defendant was indicted by the grand jury of Hennepin county for the crime of carnal knowledge and abuse of a child under the age of 18 years.

His motion for an order requiring the state to make the indictment more definite and certain or, in case of the denial of the motion, for an order requiring the state to furnish him with a bill of particulars, was denied by Jelley, J. Defendant's demurrer to the indictment was overruled. Defendant was tried before Jelley, J., and a jury which found him guilty as charged in the indictment. From the judgment entered pursuant to the verdict and from an order denying his motion for a new trial, defendant appealed. Affirmed.

*Mead & Bryngelson* and *A. H. Hall,* for appellant.

*Clifford L. Hilton,* Attorney General, *John M. Rees,* County Attorney, and *Walter H. Newton,* First Assistant County Attorney, for respondent.

HALLAM, J.

Defendant was convicted of the crime of carnal knowledge of a girl under 18 years of age. A motion for new trial was made and denied and defendant appeals.

1. Defendant's counsel argue earnestly that there is not sufficient evidence to sustain a verdict of guilty. We have examined the evidence with much care. The only direct evidence for the state is that of the prosecutrix herself. This is usually true in such cases. Her testimony gives her alleged relations with defendant in much detail. Prosecutrix was the daughter of defendant's friend. Her father introduced her to defendant and they occasionally met. She testified that defendant made advances to her and finally committed the offense charged, at a place in Minneapolis known as the Frances Hotel. She testified that one similar offense preceded the one on which the prosecution is based and several others followed. Her testimony as to these facts was given and adhered to without much wavering.

Her testimony is corroborated at some points. It appears that prosecutrix had difficulties at home. On two occasions she took money and left home. Her father had her committed to the State Girls Home School at Sauk Center. While she was being detained for that purpose she sent for defendant. He asked to see her alone. As they were separating there is evidence that defendant was overheard to say: "Good-bye, Sid, you know enough now to keep your mouth shut, don't you?" There

is some other corroboration, perhaps slight, and it may be observed that no motive appears for untruthfully charging herself with this delinquency or defendant with this offense.

Defendant contradicted her story in toto. Other witnesses contradicted her as to various details of her story. For example the keeper of the Frances Hotel, whom she says she saw there, denies seeing her. While she was detained as a witness on the eve of the trial she escaped and went to the home of the mayor of Minneapolis. Several witnesses testified that while there she said that she was trying to escape so as not to testify against defendant; that she did not want to testify against him and had been threatened with discipline if she did not tell her story in court; that promises were made to her of favors if she would tell the story, and that she had been persistently drilled in her story. There is no evidence, however, that she ever said that the story of her relations with the defendant as told in court was not true.

There was other impeaching testimony. We have examined it all with care. The testimony in such a case should be scrutinized with care especially when corroboration is not direct, for direct testimony in defense other than that of defendant is naturally difficult to obtain. We are of the opinion that the contradiction and impeachment were not such that this court can say that her story was inherently improbable or unbelievable, that the question of the defendant's guilt or innocence was for the jury to determine, and the evidence is sufficient to sustain their verdict.

2. Defendant asked for this instruction:

"You are instructed that this is a case that requires you to carefully consider the evidence. It is an accusation easily made, hard to be proved, and still harder to be disproved by one ever so innocent, and if the testimony of the complaining witness is not corroborated, or if her story bears some intrinsic evidence of improbability or if she has been impeached or contradicted by credible or reliable witnesses on material parts of her story, you would be justified in refusing to convict the defendant."

Some of this language is proper enough and some of it is not. The court did impress upon the jury the importance of the case. He admonished them to "fully, fairly, candidly and conscientiously consider, analyze and weigh * * * all the evidence" in the case, to "sift" it and

"scrutinize it," "to contrast the probability or improbability, the reasonableness or unreasonableness, of their stories * * * and * * *" take these things into consideration "in correctly weighing their testimony." He charged them in substance that if the prosecutrix had been impeached, and the impeaching testimony was "sufficient to discredit her testimony here and to show that she is unreliable or unworthy of belief" then if she was not corroborated it was within their province to disregard her testimony and in such event it would be their duty to acquit, and that if she had testified falsely as to any material fact in the case they might disregard her entire testimony except as it was corroborated by other credible testimony. He might well have told them that the charge made was of a kind "difficult to prove if true" and "extremely difficult to defend against, even if utterly untrue," State v. Trocke, 127 Minn. 485, 149 N. W. 944, but this would not have added much to what he did say. But the vice in the requested instruction was the broad general statement in it that "if the testimony of the complaining witness is not corroborated" the jury would be justified in refusing to convict. The jury could only understand from this that, although they considered her story true, they would be justified in refusing to convict, because only of lack of corroboration. This is not the law in this state. A conviction may stand on the uncorroborated testimony of the prosecutrix. State v. Trocke, supra. The court properly refused this instruction.

3. The indictment was in the usual form charging commission of the offense on or about March 1, 1917, at the city of Minneapolis, Hennepin county, Minnesota. The state claimed several acts of intercourse. On the opening of the trial defendant moved the court to require the state to elect "on which acts of * * * claimed intercourse it proposes to rely." The court refused to do so. The state made its election at the conclusion of its testimony. After much deliberation this court held that whether the state should be required to make an earlier election rests largely in the discretion of the trial court. State v. Schueller, 120 Minn. 26, 138 N. W. 937; State v. Roby, 128 Minn. 187, 150 N. W. 793, Ann. Cas. 1915D, 360; State v. Shtemme, 133 Minn. 184, 158 N. W. 48. Defendant urges that this rule is wrong and should be abrogated. It appears to us that it is calculated to facilitate justice and does not work injustice to the defendant.

4. Before the trial defendant moved the court for an order requiring the state to make the indictment more definite and certain stating "the time of the day if possible," the "day of the month if possible," the place by street and number, and "such other circumstances as may be within the possession of the state, which will inform the defendant definitely as to what he has to meet," and moved for a bill of particulars stating substantially these things. This motion was denied. If an indictment is so general that it fails to give the defendant adequate notice of the charge he is expected to meet, the trial court should require a bill of particulars. 3 Wharton, Crim. Pro. (10th ed.) § 1637. The propriety of such requirement depends upon the facts and circumstances of the case. 2 Bishop, Crim. Pro. § 643; State v. Davis, 39 R. I. 276, 97 Atl. 818, Ann. Cas. 1918C, 563; State v. Carter, 188 Ill. App. 22. The matter rests largely in the discretion of the trial court. Had the court required the state to give the defendant the particulars demanded in this case and to confine its proof thereto, it is plain that this would have been much more exacting than a requirement to make an election. It was not error to deny this motion.

5. Defendant's counsel argues with much earnestness that the result in this case of following the rules of law heretofore laid down by this court was to make it impossible for defendant to properly prepare his defense, but that since the trial he has ascertained that he can prove an alibi on the dates on which the state relies and asks for a new trial on that ground. Prosecutrix was unable to definitely fix the date of the offense charged. She identified it as the day she made a deposit in a bank. Defendant after the trial obtained from the bank the dates of all deposits made, contended that her other testimony and certain undisputed facts eliminate all except two, namely, January 16 and February 1, 1917, and then produced proof of an alibi on those two days. The alleged new evidence would some of it have been admissible if produced on the trial. But it is quite inconclusive. Taking the testimony of the prosecutrix, the two dates mentioned are not the only possible ones on which the offense may have been committed. The alibi on those dates is far from conclusive, and we are not convinced that the evidence could not by the exercise of diligence have been produced on the trial. In large part the proposed new evidence is evidence of witnesses who were present at the

trial. We do not think these rulings of the court imposed hardship on the defendant. The refusal of a new trial on this ground was not an abuse of discretion.

6. Prosecutrix testified that, when she went to the Frances Hotel with defendant, a Mrs. Hutchins showed them to a room. She said Mrs. Hutchins had been in the court room. Later the state called Mrs. Hutchins as a witness. She stated that she was operating the Frances Hotel and denied having seen prosecutrix there with defendant. Prosecutrix was recalled and was asked if Mrs. Hutchins who testified was the lady she saw there. She answered yes. This is excepted to. We think no error was made. It was proper to identify Mrs. Hutchins. The state was not precluded from doing so from the fact that Mrs. Hutchins was a state witness, and had in effect denied that prosecutrix saw her. A party may contradict the testimony of his own witness. Selover v. Bryant, 54 Minn. 434-438, 56 N. W. 58, 21 L.R.A. 418, 40 Am. St. 349; 40 Cyc. 2766.

7. Prosecutrix testified that when defendant took her to the Frances Hotel he registered in the hotel register. The state elicited from Mrs. Hutchins the fact that she had a register at that time but that it had been lost. When defendant was later on the stand, the state's attorney without objection asked if the register had been turned over to him. He denied it. In his argument the state's attorney commented on the disappearance of the register, insinuated that Mrs. Hutchins made away with it to shield herself, but made no allusion to any connection of defendant with its loss. We discover no error. It was proper enough to explain why the register was not produced. We see nothing prejudicial in the manner in which counsel referred to this matter in the argument.

One act of intimacy, it was claimed, occurred at an apartment in the Hillside apartment house. A manicurist, a single woman, living in another apartment in the building, was asked if she had seen defendant in or about the Hillside apartments. She said he had been in her apartment with another man. Defendant was a married man. His counsel contend that this evidence was brought in to unduly prejudice defendant. We are not impressed with the importance of this incident. No improper relations between defendant and this witness were claimed, and so far as appears the relations of witness with defendant's friend were innocent. We think this incident should not warrant a reversal.

Much stress is laid upon the fact that prosecutrix testified that defendant gave her a book on birth control by Emma Goldman. It is claimed Emma Goldman never wrote such a book, and defendant insists that her name was injected into the case to prejudice the jury. We find no warrant for this assumption.

When Mrs. Hutchins was called as a witness an attorney who represented neither state nor defendant interjected some remarks. We are at a loss to know why this was done or permitted. It was improper but the incident does not seem important.

A requested instruction that the prosecutrix could not corroborate herself, but that corroboration must be by other testimony than her own, would doubtless have been proper if the case were one where a conviction could not stand on uncorroborated testimony of the prosecutrix. But, as we have indicated, this is not the law of this state, and we see no reason why the requested instruction should have been given.

8. The state's attorney in his argument to the jury in commenting on the testimony of the prosecutrix said, "I believe every word that girl has said and believe it at the bottom of my heart, because she has no interest in the case." Exception is taken to this. The objection is not well taken. As stated in People v. Wirth, 108 Mich. 30, 66 N. W. 41: "We are not aware of any decision which holds that an attorney may not state to the jury his belief that a witness is or is not entitled to credence, in a case where the testimony is conflicting, and the result depends upon which witnesses the jury find are truthful. A broad latitude must be allowed in such cases." See also Driscoll v. People, 47 Mich. 413, 11 N. W. 221; 16 C. J. § 2246.

This rule is analogous to the rule that the prosecutor has the right to argue that in his opinion the defendant is guilty where he states, or it is apparent, that such opinion is based on the evidence, and this rule is well settled. Kulp v. U. S. (C.C.A.) 210 Fed. 249, 127 C.C.A. 67; Ogletree v. State, 115 Ga. 835, 42 S. E. 255; People v. Boos, 155 Mich. 407, 120 N. W. 11; State v. Norman, 135 Iowa 483, 113 N. W. 340; Riggins v. State, 125 Md. 165, 93 Atl. 437, Ann. Cas. 1916E, 1117; Reed v. State, 66 Neb. 184, 92 N. W. 321; Fertig v. State, 100 Wis. 301, 75 N. W. 960; 16 C. J. § 2257. "What the law condemns is the injection into argument of extrinsic and prejudicial matters which have no basis in

141 M.—8.

the evidence," Floyd v. State, 143 Ga. 289, 84 S. E. 972, but the law does not deny to the prosecutor the right to draw deductions from the testimony and the appearance of the witnesses in court. He may do this and in so doing he may express the conclusion which his mind has reached and which he has a right to presume will reach therefrom as to the truthfulness of the testimony of any witness. See Fertig v. State, 100 Wis. 308, 75 N. W. 960. We do not understand that the court in State v. Clark, 114 Minn. 342, 131 N. W. 369, intended to adopt any different rule.

Many other errors are assigned. We have carefully examined them all. We are clearly of the opinion that they are without merit. We think the defendant was accorded a fair trial. The charge of the court was fair. In fact the trial court in every way did his best to impartially protect the rights of both state and defendant. The consequence of the verdict is a grave one for defendant, but it was the deliberate judgment of a jury upon issues properly presented, and we are convinced that there is no ground on which this court can set it aside.

Order and judgment affirmed.