## STATE v. LANSON LIGHTHEART.[1]

July 21, 1922.

No. 22,874.

**Dismissal of indictment for clerical error appearing on its face not a bar to a second prosecution—G. S. 1913, § 9186.**

1. The dismissal of an indictment by order of the court on motion of the county attorney for a clerical defect appearing on its face, after a demurrer has been interposed by defendant and not yet decided by the court, is not equivalent to an order sustaining the demurrer within the meaning and purpose of G. S. 1913, §§ 9186, 9187.

**Second indictment before dismissal of first valid.**

2. In that situation an order of resubmission to another grand jury is unnecessary, and a second indictment for the same crime returned prior to the dismissal is valid.

**Failure to bring case to trial owing to congested condition of calendar not ground for dismissal.**

3. On the facts stated in the opinion defendant was not entitled to a dismissal of the second indictment for the failure of the state to bring the case to trial at the time required by G. S. 1913, § 8510. State v. Le Flohic, 127 Minn. 505, followed and applied.

**Refusal to require state to elect between date of offense charged and earlier acts, proper.**

4. The state relied for conviction on the act alleged to have been committed on the date charged in the indictment, and there was no error in the refusal of the court to require an express election between

[1]Reported in 189 N. W. 408.

that and other earlier acts shown by the evidence but not relied upon for conviction.

**Discretionary with court whether to give to jury the Sir Mathew Hale rule in rape.**

5. It is discretionary with the trial court to give to the jury the cautionary instruction that a charge of rape is easily made and hard to be defended against, however innocent the accused may be, in the exercise of which there was here no error.

**Conviction sustained by evidence.**

6. The evidence supports the verdict, and the record presents no reversible error.

Defendant was indicted by the grand jury of St. Louis county charged with the crime of rape, tried in the district court for that county before Dancer, J., who when the state rested denied defendant's motion to dismiss the indictment, and a jury which found him guilty as charged. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*John Jenswold* and *John D. Jenswold,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *Warren E. Greene,* County Attorney, *Mason M. Forbes,* Assistant County Attorney, and *Spencer J. Searls,* for respondent.

BROWN, C. J.

Appeal by defendant from a judgment of the district court of St. Louis county convicting him of the charge of statutory rape.

By various assignments of error defendant contends: (1) That the trial court erred in denying his motion to dismiss the indictment, and in overruling his special plea of a former acquittal; (2) that the court erred in denying his motion to dismiss the prosecution for the failure of the state to bring the indictment to trial within the time prescribed by G. S. 1913, § 8510; (3) that there was error in the refusal of the court to require the state to elect upon which date reliance would be had for conviction; (4) that there was error in

the instructions and refusals to instruct the jury; and (5) that the evidence is insufficient to sustain the verdict of guilty.

1. The date of the alleged crime was August 2, 1919. On May 7, 1920, defendant was indicted and charged with the commission thereof on August 2, 1920. On arraignment a plea of not guilty was interposed, but, on July 27, following, defendant was permitted to withdraw the plea and to file a general demurrer to the indictment. This was occasioned by the discovery that the indictment, dated and returned to the court on May 7, 1920, charged the offense to have been committed on August 2, 1920, some two months subsequent to the date of the indictment; a manifest error in the designation of the year. The demurrer to the indictment was argued and the matter submitted and taken under advisement by the court. Before the court had decided the question thus submitted and on November 5, 1920, the indictment involved on this appeal was returned by the grand jury, therein charging the same offense, and as having been committed on August 2, 1919, the correct date. Thereafter on November 15, 1920, and before the demurrer to the first indictment had been decided, that indictment was on motion of the county attorney dismissed by order of the court on the ground, as stated by the court, "that a technical defect appears on the face of the indictment." Defendant subsequently moved the court to dismiss the prosecution under the present indictment on the theory and claim that the dismissal of the first indictment, without a ruling upon the demurrer, was in legal effect an acquittal of the charge made against him, and under G. S. 1913, §§ 9186, 9187, a bar to a second prosecution, since there was no order resubmitting the matter to another grand jury. The motion, treated by the court as a special plea, was overruled, to which defendant duly excepted. There was no order of resubmission to another grand jury; in fact the second indictment was returned prior to the date of the dismissal of the first.

The contention of the defendant that the dismissal of the first indictment was equivalent to an order sustaining the demurrer, therefore, under the statute cited, in legal effect an acquittal, is disposed of adversely to him by the decision in State v. Peterson,

61 Minn. 73, 63 N. W. 171, 28 L. R. A. 324. While the dismissal involved in that case preceded the argument and submission of the questions raised by the demurrer, that is not deemed a differentiating fact, and the decision there rendered is controlling upon that feature of the case at bar. But aside from that, the dismissal was not upon the merits, but for a clerical defect appearing upon the face of the indictment, therefore not a bar to a second prosecution. G. S. 1913, § 9193. In that situation an order of resubmission to the same or another grand jury is not necessary. G. S. 1913, §§ 9186 and 9187 relied upon by defendant cannot, as held in the Peterson case, be extended and made to apply to cases other than those expressly included therein. And, since under that decision the dismissal was not equivalent to an order sustaining the demurrer, the requirements thereof do not apply.

2. The cause came on for trial on October 14, 1921, some 11 months after the return of the indictment. It was on the calendar for two or three terms of court after it was so returned, and was continued from term to term with other cases not reached or called for trial. The continuances came about automatically and not on the motion or application of the state, and for the most part by reason of the interlocking of the terms of court, one following at a specified date though the work on preceding term calendars was unfinished; the cases undisposed of being carried to the succeeding calendar by general order of the court. Defendant at no time demanded or requested an early trial and no prejudice resulted from the failure of the state to bring the cause to trial at the first term of court following the return of the indictment.

The contention of defendant on this state of the facts that he was entitled to a dismissal for the failure of the state to proceed earlier, and as required by G. S. 1913, § 8510, is not sustained. That statute provides that if the trial is not postponed at the request or on the application of defendant, and is not had at the next term of court after the indictment is returned, the indictment shall be dismissed unless good cause to the contrary is shown. We may assume, in the absence of a showing of some kind, that there was good and sufficient cause for the several continuances, either because of the

congested condition of the calendar or some other sufficient reason, and therefore no violation of defendant's statutory right to a speedy trial. The facts bring the case within the rule applied in State v. Le Flohic, 127 Minn. 505, 150 N. W. 171.

3. There was no error in the refusal of the court to require the state to elect upon which act of abuse, the evidence disclosed several, the state would rely for conviction. The date charged in the indictment was August 2, 1919, and the court instructed the jury that the state must rely for conviction upon the act alleged to have been committed on that date. Although complainant testified to several other prior acts, no other date was specified, and necessarily the jury was limited by the evidence, as well as by the instructions of the court, to the date charged in the indictment. Defendant was not entitled to an election by the state at the opening of the trial, State v. Wassing, 141 Minn. 106, 169 N. W. 485, and at the close of the trial but one specific act was before the jury, namely, that charged in the indictment.

4. A careful reading and consideration of the charge of the court bring to light no substantial cause for complaint by defendant. Taken as a whole, it was a fair and comprehensive statement of the case to the jury and of the rules of law controlling their deliberations and verdict. The isolated parts thereof which defendant assigns as erroneous present no sufficient basis or reason for a new trial, or to justify the contention that he was materially prejudiced by any unnecessary comment by the court. The refusal of several of defendant's requests for instructions likewise present no ground for substantial complaint. The special requests embodied in the main abstract principles or propositions of law and in all essential respects were covered by the general charge. It was not error to refuse the request to instruct the jury along the lines of the Sir Mathew Hale rule, namely, that a charge of the kind "is an accusation easily to be made and hard to be proved, and harder to be defended by the party accused, though never so innocent." That is not a fixed rule of law applicable to such cases, as the rule of reasonable doubt and the presumption of innocence, which the court is required to give the jury, but the statement of a fact or condition

incident to such prosecutions, to be given the jury or not as the court may deem proper in the particular case. It comes within the class of cautionary instructions and in the discretion of the court. There was no abuse of discretion in the refusal to give it in this case.

5. The question whether the evidence justifies the verdict does not require an extended review or discussion of the facts disclosed by the record. No useful purpose can be subserved thereby and we refrain. State v. Kaufman, 125 Minn. 315, 146 N. W. 1115. The usual case is presented, involving the weight and credit to be given the evidence of complainant and defendant and the other witnesses sworn on the trial. Complainant testified directly and explicitly to the facts necessary to establish the crime charged. This defendant as directly and as explicitly denied. This presented an issue of fact for the jury. State v. McPadden, 150 Minn. 62, 184 N. W. 568; State v. Rutledge, 142 Minn. 117, 171 N. W. 275; State v. Deike, 144 Minn. 453, 175 N. W. 1000; State v. Dahl, 151 Minn. 318, 186 N. W. 580; State v. Wassing, 141 Minn. 106, 169 N. W. 485. Although corroboration was not necessary (State v. Connelly, 57 Minn. 483, 59 N. W. 479; State v. Trocke, 127 Minn. 485, 149 N. W. 944) there was ample evidence confirmatory of that given by complainant in the testimony of the witness Carlson. Her veracity was a question for the trial court and jury. The attempt of the prosecution to supply further corroboration by a showing that a venereal disease was communicated to complainant by defendant may be said to have failed; the prosecution did not succeed in connecting defendant with complainant's trouble in that respect. But the failure to connect defendant therewith necessarily militated against the state and in his favor, and no prejudice resulted to him. But aside from that situation, the evidence, without any corroboration at all, if worthy of belief, was sufficient to justify the jury in declaring defendant guilty. There is nothing inherently improbable in the story told by complainant, and the record suggests no sufficient reason for discrediting her altogether. The question was for the jury.

This disposes of the case and all that need be said in disposing of the points made by counsel in his earnest effort to relieve his client

from stigma cast upon him by the verdict. The record presents no reversible error either in the instructions, refusals to instruct the jury, or in the rulings to the admission or exclusion of evidence, and the evidence sustains the verdict.

Order affirmed.