JOHN SOMERDORF and Wife *vs.* FERDINAND SCHLIEP.

April 11, 1890.

**Deed — Breaches of Covenant.**—Evidence *held* not to justify findings of fact.

Appeal by defendant from an order of the district court for McLeod county, refusing a new trial after a trial by *Edson, J.*

*R. H. McClelland*, for appellant.

*Willis & Nelson*, for respondents.

GILFILLAN, C. J. November 2, 1883, the plaintiffs executed to the defendant and the daughter of the plaintiff Caroline by a former husband, a deed conveying to them, their heirs and assigns, forever, the farm upon which plaintiffs were then living, in McLeod county. The deed recites that it is in consideration of an agreement which was executed at the same time. The deed contained this clause:

"The performance of the conditions contained in the farm contract hereinbefore set forth, except such as may hereafter be waived by the parties of the first part, are conditions precedent to the taking effect of this deed." The agreement referred to was by deed executed by all the parties to the conveyance. It was, in effect, on the part of the grantees, an agreement to farm the land during the life of the grantors and the survivor of them; to pay to them or the survivor one-third of all the crops; to pasture, feed, and take care of for them two cows and two sheep; and to allow them the use of a team and wagon to attend church on Sundays. It contained covenants on the part of the grantees to cultivate and manage the farm to the best advantage; to keep up the fences, so as to protect the crops; to keep in repair all buildings; not to commit waste, nor suffer it to be done. The grantors reserved the right to the exclusive use of the dwelling on the farm and the adjoining garden, consisting of about half an acre. They were to pay one-third of all the taxes, and one-third of the threshing-bills. There was a stipulation that, should the grantees "fail for three months after demand to deliver one-third of the crop to the parties of the first part, as above required, then the parties of the first part may declare this agreement to be at an end, and require the parties of the second part to abandon the premises." The grantees at once went into possession and continued in possession till the death of the daughter, since which time defendant continued in possession. In April, 1889, plaintiffs served on defendant a written notice that they revoked the conveyance and agreement. This action is to have the instruments annulled and declared void. The facts alleged in the complaint, as the basis to the claim for judgment, are that the conveyance was wholly without consideration; that the defendant has failed to cultivate the land to the best advantage; to deliver one-third of the crops; to keep up and maintain the fences, so as to protect the crops from injury and waste; to protect the fruit and shade trees; to crop the land in proper manner and style, to the best interests of the plaintiffs; to pasture and feed the cows and sheep for plaintiffs; and to permit them to use a team and wagon to attend church. The cause was tried without a jury, and findings of fact and conclusions of law directing judgment for

plaintiffs were filed. The case is here on an appeal from an order refusing a new trial.

The two instruments were executed together, with reference to the same subject-matter, and are to be considered as though the stipulations in both were in one instrument. The covenants by the grantees in the one we have designated the agreement, especially the covenants to deliver one-third of the crops, to keep the cows and sheep, and to furnish a team and wagon Sundays, certainly constituted a sufficient consideration, not only for that agreement, but for the conveyance which was executed in consideration of that agreement, and of the covenants it contained. The conclusion of the court below, that the conveyance was without consideration, was therefore erroneous.

The instruments, having a consideration to sustain them, vested in the grantees rights not dependent on the will of the grantors. What the precise character of the grantees' interests under the two instruments may be, whether an estate for the life of the grantors and the survivor of them, (terminable in the manner specified in the "agreement,") with the right to a conveyance of the fee by their heirs upon the death of both grantors, or such life-estate with remainder in fee upon the determination of it by the death of both grantors, it is not necessary now to decide. It is enough, for the purposes of the case, that the grantors could not terminate such interests without cause. Their notice of revocation was of no effect. It may be conceded that a court of equity would cancel the two instruments for a failure on the part of the grantees to fulfil the covenants on their part, though, as the parties have stipulated a remedy, it may be doubted that it would do so for failure to deliver one-third of the crop. But certainly, before a court would administer the extreme remedy of cancelling the instruments or either of them, and forfeiting the rights of the grantees, it would have to appear that they had failed to perform the covenants in substantial and material particulars, and a waiver of a right to complain on the part of the grantors would defeat the right to such a remedy. The court below, in its findings of fact, specifies a good many particulars in which the grantees failed to perform the covenants, and also finds that such failures were not consented to nor waived by the plaintiffs, but does not find

as a fact that any of such failures were substantial and material. The evidence in the case would not justify that finding, and the evidence was such as to require a finding that the failures were acquiesced in and waived.    It does not appear but that the farm was maintained and cultivated in a proper manner, according to the standard of the part of the country in which it was situated.    Some acts of waste are specified, such as the removal of the fence surrounding the yard of the dwelling, the cutting down of two fruit-trees and one shade-tree, and suffering fences to fall into decay.    It is also specified that one-third of the crops was not delivered, particularly one-third of the hay, one-third of the garden vegetables, and one-third of the tobacco raised on the place.    How much less than one-third of the hay was delivered is not specified, and does not clearly appear from the evidence.    How much tobacco there was is not specified.    The evidence was that it was raised one year on about two square rods of ground, so that there could not have been a great deal.    What was the quantity and value of the garden vegetables does not appear.    Plaintiffs had their own garden, and plaintiff John testified that it was agreed each should have a garden, and "what I didn't have in my own garden he was to give me out of his.    I did not ask him for anything out of his that he did not give me."    The parties lived all the time on the farm, part of the time in the same house.    They do not appear to have exacted from each other literal compliance with the terms of the agreement.    Plaintiffs failed to pay one-third of the taxes and of the threshing-bills.    Defendant paid the whole, and nothing seems to have been said about it.    And, although the various particulars of failure on the part of defendant must have been known to them at the time of occurring, neither of the plaintiffs made any complaint to defendant, except on two occasions, on one of which the plaintiff Caroline complained of the condition of one of the fences, and defendant set it right the next day; on the other, the plaintiff John complained to defendant that the wheat delivered to him the year before was not equal in quality with that which defendant had kept.    From all the evidence, as well that on the part of the plaintiffs as that on the part of the defendant, the conclusion is irresistible that, up to a time immediately before the

commencement of the action, both sides regarded the covenants on the part of the grantees as substantially complied with, and that each party was content to disregard the literal failures by the other. If plaintiffs deemed that they had any cause of complaint by reason of such failures on the part of defendant, good faith required that they should make their complaint known to defendant.    Their silence must be taken as acquiescence and waiver.

Order reversed.