MABEL E. McKENZIE and Another v. WILLARD R. DUNSMOOR and Others.[1]

June 2, 1911.

Nos. 17,086—(87).

**Contract for support — cancellation of conveyance.**

A conveyance of real estate upon the sole consideration of a contract by the grantee to support and care for the grantor and his wife during the remainder of their lives will not be set aside or canceled, when there has been a substantial performance of the contract by the grantee for years, and where such remedy would be inequitable under all the circumstances.

**Same — evidence.**

Under the facts in this case, it is *held* that to cancel the conveyance would be inequitable.

**Relief other than that in prayer.**

Where the pleading asks for no relief except the cancellation of the deed, and alleges no facts showing that the pleader is entitled to any other relief, the court will not give the heirs of the grantor a lien on the real estate for sums paid by the grantor for his support, though the grantee was bound to pay such sums under the contract.

Action in the district court for Rice county by Mabel E. McKenzie and the guardian of Laura E. Budd against William Dunsmoor and Lydia A. Dunsmoor and all other persons unknown, claiming any right, title or interest in the real estate described in the

1Reported in 131 N. W. 632.

complaint, for judgment decreeing Mabel E. McKenzie to be possessed of certain premises and that Laura E. Budd is the owner thereof, subject to the life estate of Mabel E. McKenzie. Willard R. Dunsmoor and seven other persons, who alleged that they were the heirs at law of defendants, and the special administrator of the estate of Lydia A. Dunsmoor, deceased, answered, setting up the facts given in the opinion and prayed for cancellation of the deed mentioned. The case was tried before Buckham, J., who made findings of fact and as conclusions of law found that the failure of plaintiff to support and care for Lydia A. Dunsmoor, after her refusal to reside with and be supported and cared for by John Henderson, did not work annulment of the conveyance of the premises to Stephen W. Budd, or entitle defendants as his heirs at law to be reinstated in the ownership and possession of the same; that under the issues made by the pleadings neither the special administrator of the estate of Lydia A. Dunsmoor nor the heirs at law of William Dunsmoor were entitled to establish any lien upon the premises for the repayment of any money paid out or expenses incurred, but that plaintiffs were entitled to judgment quieting title. From an order denying their motion for a new trial, Willard R. Dunsmoor and the other persons answering the complaint appealed. Affirmed.

*William W. Pye,* for appellants.
*R. D. Barrett,* for respondents.

BUNN, J.

This is an action to determine adverse claims to a tract of land in Rice county. Plaintiff, Mabel E. McKenzie, claims a life estate, and her daughter, plaintiff Laura E. Budd, claims ownership in fee, subject only to the life estate. Defendants are the heirs of William Dunsmoor, and answered, claiming to be the owners of the land, and asking that it be so decreed. The sole issue raised by the pleadings was as to the title to this land. The facts are as follows:

The premises in May, 1896, were owned by William Dunsmoor, who resided on them with his wife, Lydia A. Dunsmoor. They were both over eighty years old. Dunsmoor, being desirous of providing for the future care and support of himself and his wife, executed

to one Stephen W. Budd a warranty deed of the premises, upon the sole consideration of an agreement by Budd to provide for the future care and support of Dunsmoor and his wife, and for the payment of their physician's bills and the expenses of their funerals. This contract was in writing. After the execution of the contract and the deed, Budd and his wife went into possession of the premises, and continued to reside thereon and to support and care for Dunsmoor and his wife until the death of Budd in November, 1900. Plaintiff Mabel E. McKenzie was the widow of Budd, and after his death continued to reside on the premises and to support and care for the Dunsmoors up to the death of William Dunsmoor in January, 1902. Shortly after this plaintiff left the premises and leased them to one Henderson, with the agreement that he should care for and support Mrs. Dunsmoor in consideration of free rent. After residing with Henderson for a short time, Mrs. Dunsmoor became dissatisfied, and for reasons which do not appear from the evidence went to reside with one Empey, and continued to reside with him up to the time of her death in January, 1908. While she was so residing with Empey, the latter requested plaintiff, who had returned to live on the premises, to take back and care for Mrs. Dunsmoor; but plaintiff refused the request. Mrs. Dunsmoor was possessed of property in her own right sufficient for her support. Out of this property there was paid to Empey for her support $1,100, and for physicians' and nurses' bills and the funeral expenses of William Dunsmoor $475. Plaintiff has never repaid any part of such sums, but it does not appear that payment was ever demanded of her during the lifetime of Mrs. Dunsmoor.

The trial court found the foregoing facts, and as conclusions of law determined that the failure of plaintiff to support and care for Mrs. Dunsmoor, after her refusal to be supported and cared for by Henderson, did not work annulment of the conveyance of the premises to Budd, or entitle defendants to be reinstated in the ownership and possession of the same, and that under the issues as made by the pleadings defendants were not entitled to a lien upon the premises for the repayment of the sums paid by Mrs. Dunsmoor for her sup-

port and expenses. Defendants appealed from an order refusing a new trial.

We think the trial court decided correctly. While there is no doubt that in a proper case a conveyance in consideration of a contract to care for and support the grantor will be canceled and annulled for a breach of the contract, it is equally clear that this remedy should not be applied when there has been a substantial performance of the contract, and when it would be inequitable to do so. In the case at bar there was a full performance of the contract by Budd until he died, and after his death by plaintiff until Dunsmoor died. The failure of plaintiff to pay some bills that she ought to have paid under the contract, and her refusal to accede to Empey's request to take Mrs. Dunsmoor back, do not, in view of the long-time performance of the contract by her husband and herself, warrant a conclusion that the consideration for the deed had failed, or that plaintiff had failed and refused to substantially comply with the conditions upon which the property was conveyed. To decree a cancellation would be too drastic a remedy, and not equity.

The pleadings preclude granting defendants any relief other than a cancellation of the contract. No facts are alleged to form the basis of any lien or claim for repayment of money paid by Mrs. Dunsmoor for her support and expenses, and no relief of this character is asked. Defendants' only claim on the pleadings is that they, and not plaintiffs, are the owners of the premises.

Order affirmed.