## STATE v. JOHN W. JOHNSON.[1]

June 2, 1911.

Nos. 17,168—(5).

**Conviction sustained by evidence.**

Evidence *held* sufficient to justify a conviction under an indictment charging the carnal knowledge and abuse of a female child of the age of thirteen years.

**Rape — evidence admissible.**

Evidence of pregnancy, following the intercourse with defendant, and the subsequent birth of a child, *held* properly received in corroboration of the charge of the carnal knowledge.

**Misconduct of counsel.**

Assignments of error charging misconduct on the part of the prosecuting attorney *held* not sustained by the record.

Defendant was indicted by the grand jury of Le Sueur county of the crime of carnally knowing and abusing a female child under the

[1]Reported in 131 N. W. 629.

age of eighteen years. He pleaded not guilty, and was tried before Morrison, J., and a jury which found defendant guilty as charged in the indictment. From the order denying his motion for a new trial, defendant appealed. Affirmed.

, *Charles C. Kolars,* for appellant.

*George T. Simpson,* Attorney General, and *Francis J. Hanzel,* County Attorney, for the State.

BROWN, J.

Defendant was convicted of carnally knowing and abusing a female child of the age of thirteen years, and appealed from an order denying a new trial.

1. Defendant contends that the evidence is insufficient to justify the conviction. In this we do not concur. The prosecutrix testified that on June 4, 1909, the time charged in the indictment, defendant had carnal knowledge of her person with her consent. She detailed the facts and circumstances, the time and place, with clearness, and, though uncorroborated as to the commission of the act by defendant, her testimony, if believed by the jury, was sufficient to justify the verdict, notwithstanding defendant's specific denial. State v. Connelly, 57 Minn. 482, 59 N. W. 479; State v. Hjerpe, 109 Minn. 270, 123 N. W. 474; 3 Dunnell, Minn. Digest, 2. As remarked by the court in State v. Newman, 93 Minn. 393, 101 N. W. 499: "If the testimony of the girl named in the indictment be true—and of this the jury were the judges—the offense was committed by the defendant." That some person had intercourse with the prosecutrix at about the time charged in the indictment was conclusively established by the fact that she became pregnant and was subsequently delivered of a child. Her story of her relations with the defendant contains no inherent improbabilities, she was not impeached by any previous inconsistent statements of a character to discredit her, or by other witnesses in any matter of substance or particular importance, and a careful examination of the whole record presents no sufficient reason for interference by this court.

2. It is contended that the court below erred in admitting evidence of the fact that prosecutrix became pregnant and was delivered of a

child on February 23, 1910. There was no error in this ruling. The evidence was conclusive that some person had intercourse with prosecutrix. She testified that no other persons than defendant had such relations with her at about the date charged in the indictment. She also testified, without objection, that defendant had intercourse with her several times prior to that date, and during the months of May and April preceding. While she admitted that some boys about her age had improper relations with her prior to defendant's conduct, the record furnishes no suggestion that either of them was responsible for pregnancy. In fact, she testified that the boys had nothing to do with her during the time of defendant's operations. We discover no error upon this subject. State v. Blackburn, 136 Iowa, 743, 114 N. W. 531; Dodge v. State, 100 Wis. 294, 75 N. W. 954.

3. Misconduct on the part of the prosecuting attorney is also assigned as error, and it is urged that a new trial should be granted on that ground. We have fully considered the merits of this contention, and find it not sustained by the record. The alleged misconduct consists in the propounding by the county attorney to defendant on cross-examination two questions. They were: "Did you not, the same spring of 1909, in the months of April and May, approach and propose to have indecent relations with Gladys Jordine?" and "Did you not, some years ago, travel around with an immoral bunch of women through the country, driving and bringing boys to their camp?" Objections to the questions were promptly sustained by the court, and no attempt was made to pursue the subject further. The record does not bear out the suggestion that the county attorney attempted thereby improperly to reflect upon the moral character of the defendant, or to prejudice the minds of the jury, or that such was the effect of the questions. The county attorney evidently proceeded on the rule laid down in State v. Quirk, 101 Minn. 334, 112 N. W. 409, and on the theory that the evidence, if brought out, would affect the credibility of the witness, and this was apparently his only purpose. The case does not come within State v. Fournier, 108 Minn. 402, 122 N. W. 329, where the effort to prejudice the jury against the defendant was flagrant, and in the face of adverse rulings

of the court, nor within State v. Clark, supra, page 342, 131 N. W, 369.

The other assignments of error do not require special mention. We have examined them, and find nothing therein to justify a reversal.

Order affirmed.