# STATE v. HARRY ROBY.[1]

January 15, 1915.

Nos. 18,900—(6).

**Criminal law — evidence of second offense.**

1. In a prosecution for the crime of carnal knowledge of a female child under 14, alleged to have been committed May 20, evidence of a second offense committed upon the person of the same child on June 2 is admissible. Where the county attorney at the close of the state's case expressly elected to proceed to judgment upon the first charge, it is unimportant whether or not the method of proof followed by the state constituted an implied election to so proceed.

**Refusal to compel state to elect.**

2. Where two offenses of this character are proven, it is not error for the court to refuse to require the state to elect upon which charge it will proceed until the close of the state's case.

**Witness — exclusion of wife's testimony against husband.**

3. The county attorney called the wife of defendant as a witness for the state. Defendant claimed his statutory privilege and excluded her testimony. *Held*, the action of the county attorney in calling the wife was not misconduct, though defendant, before he was indicted, had notified the county attorney that he would object to the evidence of his wife either before the grand jury or elsewhere or otherwise.

**Conduct of court and county attorney.**

4. Certain conduct of the court and of the county attorney reviewed and *held* to be not improper.

Defendant was indicted, tried in the district court for Nicollet county before Olsen, J., and a jury and convicted of the crime men-

[1] Reported in 150 N. W. 793.

---

Note.—As to evidence of other crimes in prosecution for rape or assault to rape, see notes in 62 L.R.A. 314, 322, 329 and 48 L.R.A.(N.S.) 236.

For husband or wife as witness against the other in criminal prosecutions, see notes in 2 L.R.A.(N.S.) 862; 22 L.R.A.(N.S.) 240, and 41 L.R.A.(N.S.) 1213. And upon the question of wife as witness before grand jury, see note in 28 L.R.A. 322.

tioned in the opinion. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*R. G. Anderson, M. E. Stone* and *Thomas Hessian,* for appellant.

*Lyndon A. Smith,* Attorney General, *John C. Nethaway,* Assistant Attorney General, and *George T. Olsen,* County Attorney, for respondent.

HALLAM, J.

Defendant was convicted of the crime of carnal knowledge and abuse of a female child between the age of 10 and 14 years. There is evidence sufficient to sustain the verdict. This is conceded, but defendant assigns several errors which he urges as ground for a new trial.

The complaining witness, when called by the state, testified to the commission of an offense, such as charged in the indictment, about May 20, and to a second offense of the same kind about June 2. Defendant at once asked the court to rule that the state by first introducing evidence of an act committed May 20 elected by implication to rely on that date as the true date. The court refused to so rule. It could make no difference whether there was an implied election or not. May 20 was the date upon which the prosecution finally proceeded and upon which the conviction was based. It is accordingly unimportant whether the state could have proceeded to judgment on a charge based upon any other date. It did not undertake to do so.

It is urged that, on a prosecution for an offense committed on May 20, evidence of a second offense committed June 2 was not properly in the case. The court was asked to strike out this evidence, and its refusal to do so is assigned as error. It is quite well settled that, in this class of carnal crimes, evidence of similar offenses committed prior to the date charged may properly be received. It is contended, however, that evidence of offenses subsequently committed is not admissible. This subject was considered in State v. Schueller, 120 Minn. 26, 138 N. W. 937. In view of the line of argument followed by the attorneys for the state, it is proper here to say that no significance is attached to the fact that the acts to

which the evidence related all occurred prior to June 25, the date charged in the indictment. The significant date is the date upon which the state relies for conviction, and the question is whether it is proper to receive proof of acts subsequent to this date. In the Schueller case the subject is discussed with reference to the date charged "in the indictment," but in that case the date charged in the indictment and in the proof was the same. It was made clear in the Schueller case that the courts are divided on the question of the propriety of receiving proof of later offenses. It is there said, however, that "it may well be doubted whether there is any real or substantial basis for the distinction" between evidence of earlier and later offenses. Evidence of other offenses, when admissible at all, is received by way of corroboration of the main charge, and on the theory that the commission of other similar acts tends to show opportunity and inclination to commit the crime with which the defendant is charged. Presumption of continuance of a condition once shown to exist may enter into consideration, but it is not the controlling factor, and we think that evidence of subsequent acts within the limit of reasonable time may be received. We have no doubt that in a case of this sort, evidence of commission of an act of the same character within less than two weeks after the date of the act charged, would almost universally be given some corroborative effect in the minds of men unaccustomed to legal technicalities. Evidence of prior acts may have greater probative effect, but the difference is mainly a difference of degree.

2. Early in the trial defendant asked the court to require the county attorney to elect upon which date he would rely for conviction. The court refused to require an election until the close of the state's case. This is assigned as error. This question is disposed of in State v. Schueller, supra. The charge there was the same as here. There, as here, the trial court refused to require an election until the close of the state's case. It was held that a motion to require an earlier election was addressed to the sound discretion of the trial court and that its denial was not error. We adhere to the rule there adopted. A different rule may obtain in case of crimes so wholly unrelated that proof of other offenses is not properly in the case at

all. We are not concerned with such cases here, and we make no decision in regard thereto.

3. The day before defendant was indicted, having employed counsel, he served upon the county attorney a notice in writing, in which he objected to the taking of any evidence of his wife "either before the grand jury or elsewhere or otherwise." After the state had closed its case, the county attorney asked permission to reopen it, and said: "I would like to call Mrs. Roby." Objection was made that she was incompetent. The court said: "She is competent, but she is excluded from testifying without his consent; if you do not consent to it, she cannot testify." . Defendant's counsel again objected. The county attorney then said: "I guess that is true * * * as long as there is objection to it, she cannot testify because she is his wife." Thereupon defendant's counsel excepted to the offer as improper and prejudicial, and asked "that the jury be instructed as to that." It is contended the offer to call Mrs. Roby was such misconduct as to warrant setting aside the verdict of the jury. The statute provides that:

"A husband cannot be examined for or against his wife without her consent, nor a wife for or against her husband without his consent." G. S. 1913, § 8375, subd. 1.

We find great diversity of opinion as to the proper procedure where one party may desire testimony as to which the other party is entitled to claim privilege, and as to the right of comment by one party in case the privilege is asserted. Some courts permit comment in argument of counsel on the fact that the privilege has been exercised. Mercer v. State, 17 Tex. App. 452; State v. Brown, 118 La. 373, 42 South. 969; Hampton v. State, 7 Okla. Crim. Rep. 291, 123 Pac. 571, 40 L.R.A.(N.S.) 43. Other courts do not. Brackney v. Fogle, 156 Ind. 535, 60 N. E. 303; Arnold v. Maryville, 110 Mo. App. 254, 85 S. W. 107; Knowles v. People, 15 Mich. 408; Johnson v. State, 63 Miss. 313; State v. Shouse, 188 Mo. 473, 87 S. W. 480; State v. Moody, 150 N. C. 847, 64 S. E. 431; see also Penn. R. Co. v. Durkee, 147 Fed. 99, 78 C. C. A. 107, 8 Ann. Cas. 790. In a personal injury case in Iowa it was held reversible error to require a witness to answer a question as to whether she was willing

that physicians who had treated her in the past might disclose any communication made to them. McConnell v. City of Osage, 80 Iowa, 293, 45 N. W. 550, 8 L.R.A. 778. On the other hand, in New York in a criminal case, after defendant's wife was offered as a witness by the prosecution and was excluded on objections of prisoner's counsel, it was held proper for the court to remind the jury that the wife was an eye witness, and that defendant's neglect in calling her as a witness was a circumstance which the jury had a right to consider, and that there was a fair presumption that her evidence would not be favorable. People v. Hovey, 92 N. Y. 554. In another Iowa case, a criminal case, similar statements in the argument of the state's attorney to the jury were held not prejudicial misconduct. State v. Toombs, 79 Iowa, 741, 45 N. W. 300.

We are not disposed to go to either of these extremes. In National German-American Bank v. Lawrence, 77 Minn. 282, 79 N. W. 1016, 80 N. W. 363, it was said, the failure to call a spouse is not a case of suppression of evidence which warrants the court in instructing the jury that they might infer that the testimony would be unfavorable. On the other hand, it is quite clearly established that the wife is a competent witness, and that her testimony may properly be received and considered, unless objected to on the ground of privilege. In re Holt's Will, 56 Minn. 33, 57 N. W. 219, 22 L.R.A. 481, 45 Am. St. 434; Coles v. Shepard, 30 Minn. 446, 16 N. W. 153; Maataja v. Saarenpaa, 118 Minn. 255, 260, 136 N. W. 871. As applied to the facts of this case, we think the proper rule is stated by Wigmore as follows: That "the party desiring to compel the spouse to testify may at least call for the testimony, and is not to be deprived of it until the party-spouse formally objects and claims the privilege" (3 Wigmore, Evidence, § 2244), and we believe this procedure has been usually followed in this state.

It is claimed the previous notice of defendant advised the county attorney that consent was withheld, and rendered his conduct wrongful. Precedent will not aid us much in determining the effect of this notice, for it is quite unusual for a person to make objection to testimony which may be offered to prove a crime against him, on the ground of privilege or otherwise, before he has been indicted of any

offense. But we think the effect of the notice should not be held such as to make it misconduct for the state to proceed in the usual way. The court might properly enough have instructed the jury that the objection of the defendant to the testimony of his wife should not weigh against him, but we cannot hold that the failure to do so was error.

4. After the state had closed its case and the county attorney had elected the offense upon which he would rely, defendant's counsel asked for a recess so that they might find out what defendant knew about the alleged offenses, and have "an opportunity to find out about the matter they are relying on, so we may meet it." The court re-marked: "I do not think there has been any lack of opportunity in this case to find out," but finally took a recess. Defendant contends that this remark conveyed an insinuation that the defendant was guilty. We cannot so construe the language of the court. It was merely an intimation that there had been no lack of opportunity for conference between the attorney and client.

The county attorney, on cross-examination of defendant, made inquiries as to who was with defendant at various places he visited during the fall of 1913. He refused to answer, on the ground that the answer might tend to incriminate him in a matter foreign to the offense with which he is charged. It is urged that persistence in these questions was misconduct. Each question related to a different place, and we discover no misconduct in asking the questions.

Order and judgment affirmed.

BROWN, C. J.

I think a new trial should be granted to the end that the question of defendant's guilt or innocence may be passed upon by another jury uninfluenced by some of the objectionable features referred to in the opinion which, to my mind, were not clearly without prejudice to the substantial rights of defendant.