## STATE v. GEORT SHTEMME.[1]

### June 2, 1916.

### Nos. 19,663—(4).

**Criminal law — evidence of similar acts by defendant.**

1. In the trial of defendant, indicted for the crime of carnal knowledge of a girl under the age of consent, it was permissible to show his conduct towards the prosecutrix, near to the time of the act upon which the state elects to rely for conviction, and it is not error if, in so doing, it incidentally appears that defendant, in the presence of prosecutrix, committed a like offense upon one of her companions, for that also may characterize his conduct and disposition towards prosecutrix.

**Same.**

2. Likewise conduct of defendant which serves to corroborate the story of prosecutrix and shows his purpose, may be given in evidence,

[1]Reported in 158 N. W. 48.

---

Note.—As to the general rule of evidence of other crimes in an action for rape, see comprehensive note in 62 L.R.A. 194, 48 L.R.A.(N.S.) 236.

although such conduct also affects other girls in the company of prosecutrix.

**Charge to jury — failure of counsel to object in trial court.**

3. The faults, such as they were, in the court's instructions were of such nature that attention should have been directed thereto before the jury retired, or else objections should have been assigned, in a proper manner, upon the motion for a new trial. Neither was done in this case.

Defendant was indicted by the grand jury of the crime of carnal knowledge of a female child, tried in the district court for Hennepin county before Jelley, J., who at the close of the testimony denied defendant's motion to dismiss the prosecution, and a jury which returned a verdict of guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*John P. Nash* and *William M. Nash,* for appellant.

*Lyndon A. Smith,* Attorney General, *John M. Reese,* County Attorney, and *Walter H. Newton,* First Assistant County Attorney, for respondent.

HOLT, J.

Defendant was convicted of the crime of carnal knowledge of a girl 13 years of age, named Viva. This appeal is from the order denying him a new trial.

No more of the details of the trial will be stated than is necessary to pass upon the errors assigned here.

Several acts with Viva were testified to, but finally the state elected to rely for conviction upon the one committed in the afternoon of February 7, 1915, at the two rooms where defendant and his nephew lived. Several young girls had acquired the habit of visiting these rooms, generally in company. After the act in question was committed in one of the rooms, Viva and Florence, together with the two or three other girls there left. They went to a picture show and came back to defendant's place in a couple of hours. Out in the small entry, and before permitting them to come into the rooms, defendant, in the presence of Viva and the other girls, exacted indulgence from Florence, according to the testimony of the girl named Rose. The question which elicited this fact was not objected to, but after the answer was given, the objection came that it was

incompetent, irrelevant and immaterial. The court let the answer remain in the case. This ruling is assigned as error. The last question put to Rose on cross-examination was: "What did you all do while you were there—sit around and talk?" Answer: "Yes, sir." Then on redirect the first question was: "What did you all do, counsel asked you. What was defendant doing with Florence?" It would seem the impression left by the cross-examination might justify the question asked on redirect. But upon broader grounds the testimony was proper. It is true, the state did not need prove intent as an ingredient of the crime in this case, but it was, nevertheless, proper to show defendant's conduct and purpose toward Viva. The act with Florence was in Viva's presence and, in a way, characterizes his conduct and disposition towards her also. State v. Sheets, 127 Iowa, 73, 102 N. W. 415; Proper v. State, 85 Wis. 615, 55 N. W. 1035.

In like manner the testimony was properly received that defendant permitted these young girls, Viva being one of them, to drink beer and smoke cigarettes during their visits, and that he openly took liberties with them. It tended to prove the disposition of defendant and his purpose in having the girls come to his rooms, and corroborates the testimony of Viva as to the act of which he was found guilty. There can be no question that both prior and subsequent conduct in respect to Viva, reasonably near to the offense charged, was proper evidence (State v. Schueller, 120 Minn. 26, 138 N. W. 937; State v. Roby, 128 Minn. 187, 150 N. W. 793; Ann. Cas. 1915D, 360) ; and behavior toward the girls when Viva was one of them, would seem equally proper testimony.

On the cross-examination of prosecutrix defendant elicited that she had had illicit relations with a young man at this same place, near New Year. She was then asked whether at that time she was diseased. She answered no. Counsel for defendant thereupon offered to prove by the witness that she then had been, and that she communicated the disease to the young man, and further proposed to show that defendant was not affected which in all probability he would have been if prosecutrix's testimony as to his relations with her were true. Error is assigned because the court sustained further cross-examination of prosecutrix along that line. Afterwards, when defendant introduced his evidence, he called a physician and offered to show that defendant had had no venereal disease for a period of

at least three months prior to April 20, 1915, that if he had been guilty of the acts to which Viva testified, and she had then been afflicted, "defendant in this action possibly would have contracted it." The record does not show sufficient foundation for the testimony sought to be introduced. Prosecutrix on cross-examination denied that she had been afflicted with the disease referred to; there was no offer to prove that she had been, or that she had communicated the same to any one. The young man with whom she admitted illicit relations testified at the trial, but no effort was made to show by him any of the matters now alluded to.

.Defendant requested no instructions, and no objection to the charge as delivered was made at the time. On the motion for a new trial one error was assigned upon the charge, and that covers nearly seven printed pages thereof dealing with a variety of different phases of the law and facts. In this court error is separately assigned upon two isolated paragraphs of the seven pages. The one is discussed in the brief, the other is not even referred to, unless in the baseless claim that the charge was argumentative. The language used by the court in these paragraphs is open to some criticism. As to the one referring to defendant's testimony, it was distinctly disapproved in State v. Sailor, 130 Minn. 84, 153 N. W. 271, but was there held insufficient, standing alone, to warrant a new trial. Somewhat similar language to that employed here was not permitted to disturb the conviction in State v. Ames, 90 Minn. 183, 96 N. W. 330. As to both paragraphs, the fault therein should either have been called to the court's attention before the jury retired, or else each paragraph should have been specifically and separately assigned as error on the motion for a new trial. The evidence appears so conclusive of defendant's guilt that the language in the charge, relating to a particular subject, which neither at the time of uttering it gave rise to a suggestion that it might be incorrect, nor upon the motion for a new trial was deemed of sufficient importance to be separately challenged should not avail to work a reversal on appeal. State v. Staley, 14 Minn. 75 (105), we apprehend, is still applicable insofar that when a motion for a new trial is based upon erroneous instructions the instructions must be specified, and the specification is insufficient when it embraces a large portion of the charge, dealing with several distinct propositions, many of which are treated correctly.

Order affirmed.