# STATE v. I. C. RUTLEDGE.[1]

## March 21, 1919.

## No. 20,956.

**Criminal law — improper questions put to defendant — direction to jury.**

1. In the trial of an indictment for carnal knowledge of a female within the age of consent it is not proper to ask the defendant as to undue familiarities approaching the nature of indecent liberties suggested to have been taken by him at different times with other girls; but the statement of the court to the jury that such questions should not have been asked and its emphatic direction to disregard them and to permit no impression to come from them was such, the trial court being of the opinion that no harm resulted, that a new trial should not be granted by this court because of them.

**Same — evidence of later offense too remote — new trial.**

2. A subsequent act of intercourse between the defendant and the prosecuting witness, if not too remote, may be shown. Such act occurring some ten and one-half months after the one for which a conviction is asked, and at a time when the girl was over the age of consent, there being improper familiarities but nothing criminal between the time of the two alleged acts, is too remote; but when the evidence is taken without objection this court will not reverse and grant a new trial unless the situation is very extraordinary.

**Same — newly discovered evidence — new trial denied.**

3. There was no error in denying a new trial upon the ground of newly discovered evidence.

Defendant was indicted by the grand jury of St. Louis county, charged with the crime of carnal knowledge of a child under 18 years of age, tried in the district court for that county before Hughes, J., and found guilty of the crime charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*E. J. Kenny,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, *Warren E. Greene,* County Attorney, and *Edward L. Boyle,* Assistant County Attorney, for respondent.

[1] Reported in 171 N. W. 275.

DIBELL, J.

The defendant was convicted of the crime of having carnal knowledge of a female child under the age of 18 years. He appeals from an order denying his motion for a new trial.

1. The defendant was a teacher in the Chisholm high school and the girl was his pupil. He was asked on cross-examination whether he had not taken improper familiarities, bordering in some cases on indecent liberties, with four other girls who were his pupils. Objections were overruled and he answered in the negative. Afterwards, when the jury was absent, the court sustained objections to offers to prove the facts suggested by the questions; and as counsel were about to commence their arguments to the jury called their attention to the questions and objections and rulings, and stated that upon investigation he was of the opinion that the rulings were in error and that the objections should have been sustained; and he instructed them to utterly disregard and dismiss from their minds everything in such questions and to permit no impression to come from them. The court said:

"Those objections should have been sustained, and anything in those questions you will utterly disregard and dismiss from your minds as not being in the testimony in the case. Do not permit any impression to result from anything that was contained in those questions with reference to other girls. * * * I think I have made that plain, gentlemen."

The questions related to the defendant's relations with other girls and suggested improper familiarities and liberties taken with them of a nature having some relation to the offense charged as having been committed against the girl named in the indictment. It was very much like proving other offenses which in general is not permissible in this state. Dunnell, Minn. Dig. and 1916 Supp. § 2459, and cases cited. The view of the majority of the court is that it was improper to ask the questions and that they should not have been permitted. The view of the minority is that is was within the discretion of the trial court to permit them.

In State v. Johnson, 114 Minn. 493, 131 N. W. 629, two questions controlled by a similar principle were asked, and objections sustained,

and the matter was not further pursued. It was held that this did not constitute misconduct which should result in a new trial. After a somewhat prolonged consideration we have reached the conclusion that in view of the court's positive direction no prejudice resulted. This view the trial court expresses in its memorandum and we concur in it.

2. The state offered evidence of an act of intercourse occurring some ten and one-half months after the one upon which a conviction was had, and at a time when the girl was over the age of consent. The girl claimed that there were but these two. It was claimed that pregnancy resulted from the last one. Between the two acts there were improper familiarities but nothing criminal. Counsel then appearing for the defendant, who is not the counsel on this appeal, made no objection to the evidence. Its reception is urged as a ground for a new trial, though there was no objection. The claim is that the second act was too remote. The court, as appears by its memorandum, was of the opinion that it was too remote. The majority of the court are of that opinion. The view of a minority is that it was not too remote.

Evidence of subsequent acts of intercourse, if within the limit of reasonable time, is admissible. State v. Roby, 128 Minn. 187, 150 N. W. 793; State v. Shtemme, 133 Minn. 184, 158 N. W. 48. As before said there were no criminal acts in the meantime and no undue familiarities approaching actual criminality.

Since there was no objection at the time the question of the competency of such testimony is not properly raised. The trial court might have granted a new trial though there was no objection. There is a suggestion in its memorandum that it would have done so except for its conviction of the defendant's guilt. We do not say that a case might not arise where we would reverse and grant a new trial because of improper evidence received, though error was not preserved by proper objection. This is not such a one. The circumstances would be extraordinary to justify a reversal. The rule is general that the defendant must protect his record. State v. Sailor, 130 Minn. 84, 153 N. W. 271, and cases cited.

3. There was no error in denying the motion for a new trial because of newly discovered evidence. That proposed had a tendency to show that some of the girl's testimony was untrue. This statement applies

to matters largely incidental. It was not at all controlling on the main facts upon which a conviction rested. There was no abuse of discretion in denying the motion.

No claim is made, and none can be made successfully, that the evidence is not legally sufficient to sustain a conviction. The girl's testimony is in some respects improbable and unreasonable. Often it is in such cases. Some of the testimony of the defendant and some of his admissions were damaging to him.

Order affirmed.