# STATE v. WILLIAM McPADDEN.[1]

September 30, 1921.

No. 22,154.

**Rape — evidence inadmissible.**

1. In a prosecution for rape on a female under the age of consent, the fact of illicit relations with other men than defendant constitutes no defense, and evidence thereof is inadmissible either in justification or excuse.

**Consent immaterial.**

2. The law withholds from her the right of consent and her willingness or unwillingness is wholly immaterial.

**How inference from pregnancy may be refuted.**

3. In the case where pregnancy follows the act charged against defendant, he may show in refutation of any inference arising therefrom in corroboration of complainant, that other men had illicit relations with her at about the same time.

**Offer of evidence too indefinite.**

4. But an offer to show such relations both "before and after" the date charged against defendant is entirely too indefinite.

**Verdict sustained by evidence.**

5. The evidence made the question of defendant's guilt one of fact, and the verdict is sustained by sufficient competent evidence.

**Indictment — allegation sufficient.**

6. The allegation in the indictment that complainant was an unmarried female under the age of 18 years sufficiently negatives any marital relations between the parties.

Defendant was indicted by the grand jury of Carver county charged with the crime of carnal knowledge of a female child under 18 years of

[1]Reported in 184 N. W. 568.

age, tried in the district court for that county before Tifft, J., and a jury and found guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*P. W. Morrison,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *W. F. O'Dell,* County Attorney, for respondent.

BROWN, C. J.

Defendant was convicted of statutory rape upon a female under the age of 18 years and appealed from an order denying a new trial.

The questions raised by the assignments of error do not call for extended consideration. The record presents nothing not found in the ordinary case of this character, and a brief reference to the points raised in support of the appeal will suffice.

1. The evidence of the commission of the crime by defendant as given by complainant, though directly and flatly denied by him, presented an issue of fact for the jury. We discover from the record no fact or circumstance to discredit complainant as a matter of judicial inference, or reason for declaring as a matter of law that the jury erroneously gave credence to her testimony. The record in this respect is the usual one found in such cases, where there is a direct and irreconcilable conflict in the testimony of complainant and the accused. Their credibility was for the jury. And although counsel presented this feature of the case persuasively and with much earnestness in this court, in the belief of the innocence of his client, we are unable after full consideration of the record to concur in the contention that the verdict is unsupported by competent and reliable evidence. The case was one for the jury. They reported a verdict of guilty which the trial court approved, and there the matter must rest. State v. Johnson, 114 Minn. 493, 131 N. W. 629; State v. Bragdon, 136 Minn. 348, 162 N. W. 465; State v. Dieke, 144 Minn. 453, 175 N. W. 1000; State v. Rutledge, 142 Minn. 117, 171 N. W. 275.

2. The contention that the indictment is fatally defective in that it contains no allegation that complainant was not the wife of defendant is not sustained. The indictment does charge that she was an un-

married female under the age of 18 years. That conclusively negatives any marital relations between the parties.

3. The further point that there was error in the admission in evidence of prior and subsequent acts of intercourse between complainant and defendant, is disposed of by our prior decisions on the subject. The date of the offense as charged in the indictment was June 22, 1918. A prior act on the fourteenth of June, and a subsequent act on July 4, are the acts so claimed to have been erroneously admitted. The precise point was involved in State v. Schueller, 120 Minn. 26, 138 N. W. 937; State v. Roby, 128 Minn. 187, 150 N. W. 793, Ann. Cas. 1915D, 360, 171 N. W. 275; State v. Shtemme, 133 Minn. 184, 158 N. W. 48, and State v. Rutledge, 142 Minn. 117, 171 N. W. 275, and decided adversely to the contention here made. The South Dakota court in State v. Yeager, 41 S. D. 51, 168 N. W. 749, cited and relied upon by defendant, apparently followed the rule applied by some of the courts as to subsequent acts and rejected by this court in State v. Roby, supra. The rule must be taken as settled in this state that evidence of illicit acts with defendant prior and subsequent to the date of the charge relied upon by the state for conviction, is admissible where not too remote in point of time. State v. Rutledge, supra.

4. The fact of illicit relations with other men in a prosecution for statutory rape on a female under the age of consent is no defense, and evidence thereof is inadmissible either in justification or excuse. Such evidence can have no effect as tending to show consent, for the law withholds from her the right to consent. The statute was designed for the protection of young womanhood and he who violates its commands can find no comfort or relief by a showing of consent; her willingness or unwillingness to be debauched is wholly immaterial. The rule is well settled on this subject. State v. Henderson, 19 Idaho, 524, 114 Pac. 30; People v. Gray, 251 Ill. 431, 96 N. E. 268; Smith v. State, 90 Ark. 435, 119 S. W. 655; State v. Sibley, 131 Mo. 519, 33 S. W. 167; People v. Abbott, 97 Mich. 484, 56 N. W. 862, 37 Am. St. 360; State v. Rash, 27 S. D. 185, 130 N. W. 91, Ann. Cas. 1913D, 656; note to State v. Apley, 25 N. D. 298, 141 N. W. 740, in 48 L.R.A.(N.S.) 269; 22 R. C. L. 1211. Nor by the weight of authority is the evidence as a general

rule admissible as affecting the credibility of complainant. People v. Abbott, 97 Mich. 484, 56 N. W. 862, 37 Am. St. 360; State v. Hammock, 18 Idaho, 424, 110 Pac. 169. There is authority to the contrary. State v. Apley, 25 N. D. 298, 141 N. W. 740, 48 L.R.A.(N.S.) 269. To what extent the subject may be inquired into on the trial by the usual method of impeachment of the complainant, we do not stop to consider. The question is not involved.

But where in such cases the state presents evidence in corroboration of the charge, showing that complainant became pregnant as the result of the act charged against defendant, defendant may, in refutation of the corroborating effect of the evidence so tendered (State v. Johnson, 114 Minn. 493, 131 N. W. 629), show that complainant had like relations with other men at about the date charged against him. Evidence of that kind, if believed by the jury, would wholly neutralize or destroy the effect of the state's showing on that feature of the case. However, in the case at bar defendant offered no evidence showing or tending to show such relations with other men at or about the date charged against him. On cross-examination complainant denied any such acts with other men, and there was no evidence to contradict her. The offer made by defendant to show such relations with other men both "before and after" the time charged against him was entirely too indefinite; the evidence to be admissible must be of acts having some relation in point of time to the pregnancy of complainant. In this respect defendant's offer fell short.

This covers the case and all that is necessary to say in disposing of the appeal. The evidence made the question of defendant's guilt one for the jury, the record presents no error, and the order appealed from must therefore be affirmed.

It is so ordered.