## STATE v. JAMES COON.[1]

February 25, 1927.

No. 25,857.

**Conviction sustained by evidence.**

1. The verdict of guilty of carnal knowledge of a girl under the age of consent is sustained by the evidence.

**When absence of evidence of a struggle is not discrediting.**

2. Absence of evidence of a struggle is not a discrediting circumstance unless the act is claimed to have been accomplished by force and violence.

**Improper questions were not prejudicial.**

3. No prejudice resulted from improper questions asked defendant objections to which were sustained.

**Refusal to charge.**

4. Where the evidence shows that the defendant, if guilty of any crime, is guilty of the crime charged, the court may properly refuse to instruct the jury as to lesser crimes included therein.

Criminal Law, 16 C. J. p. 309 n. 90; 17 C. J. p. 1024 n. 86.
Rape, 33 Cyc. p. 1486 n. 12; p. 1489 n. 40 New; p. 1504 n. 21.

See 22 R. C. L. 1182.

[1]Reported in 212 N. W. 588.

Defendant appealed from an order of the district court for Freeborn county, Senn, J., denying his motion for a new trial.   Affirmed.

*H. H. Dunn* and *Moonan & Moonan*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *John O. Peterson*, County Attorney, for the state.

TAYLOR, C.

Defendant was convicted of the crime of carnally knowing and abusing a female child under the age of 18 years, and appeals from an order denying a new trial. That the verdict is not justified by the evidence is the principal contention.

Both defendant and the girl were residents of the city of Albert Lea. Defendant was 22 years of age; the girl was not quite 17. About two years previously she had been adjudged a delinquent by the juvenile court. The testimony of the two parties who know the truth is flatly contradictory. According to the story of the girl she and two other young ladies went to a moving picture show on the evening of October 15, 1925. After the show the two young ladies accompanied her some distance toward her home and then turned back leaving her to go the remaining distance alone. A few minutes later defendant and a young man named Madsen in a Ford sedan overtook her and stopped. Defendant invited her to ride home and she got into the car. They drove to a somewhat secluded place near her home and stopped. Defendant saying that he wanted to talk to her asked Madsen to get out of the car. Madsen left and defendant then committed the act. Shortly afterwards Madsen returned, and at her suggestion they drove to a schoolhouse two or three blocks from her home where she alighted and proceeded home on foot arriving there shortly before eleven o'clock.

According to the story of defendant, he and Madsen, while riding in the Ford sedan shortly after eight o'clock in the evening in the latter part of September, 1925, met the girl walking toward her home. He offered to give her a ride home. She got into the car and they drove directly to her home where she alighted and went

into the house. He asserts that they made no stop before reaching her home, that Madsen never left the car and that nothing improper took place. He is fully corroborated by Madsen. He also states that he passed the evening of October 15 with another young lady at her home and is corroborated in this by the young lady and her mother. The girl is also corroborated by the two young ladies who accompanied her to the show as to the fact that they attended the show with her and went part way home with her, but they were unable to fix the time more definitely than in the middle or fore part of October. She is also corroborated by her mother as to the time she reached home that evening and as to the fact that she did not come in a car but on foot. Defendant stresses certain discrepancies between the testimony of the girl given at the preliminary examination and that given at the trial. At the preliminary examination she gave the date of the offense as October 16 and at the trial as October 15, saying she had learned that that was the date of the show she attended. She insisted that at the preliminary examination she said about October 16. At the preliminary examination she gave the date of a ride with another young man and his mother as in the latter part of October, and at the trial as in the latter part of September. At the preliminary examination she said that the picture she had seen at the show was a war picture. At the trial she said she was mistaken, that she had seen the war picture with some friends from the east in September, and that another picture was exhibited on October 15. These discrepancies were matters for the jury to consider in weighing her testimony. They go only to the question of credibility. That someone had intercourse with her at about the time she says this act was committed is shown by the fact that she became pregnant at about that time. A further rehearsal of the evidence would serve no useful purpose.

Defendant urges that the story of the girl is discredited by the fact that she made no outcry; bore no marks of violence; had no torn clothing; and made no complaint until her mother discovered that she was pregnant. Absence of marks of violence or other evidences of a struggle and failure to make prompt complaint cast

suspicion upon a charge of common law rape; and perhaps may cast suspicion upon a charge of carnal knowledge where the act is claimed to have been committed in a manner constituting common law rape. But overcoming the resistance of the girl by force is not an element of the crime of carnal knowledge of a girl under the age of consent. The crime is the same whether she resisted or was a willing party to the act. Absence of evidences of a struggle merely indicates absence of resistance; and consequently the rule stated does not apply where the charge is carnal knowledge, at least unless the girl claims to have resisted to an extent which would make the act common law rape. Here there is no charge that the girl was forcibly ravished and no evidence which would justify such a charge, and the rule does not apply.

If the story of the girl is true defendant is guilty; if the story of defendant is true, he is not guilty. The issue made by the evidence was for the jury to determine. State v. Johnson, 114 Minn. 493, 131 N. W. 629; State v. Trocke, 127 Minn. 485, 149 N. W. 944; State v. Wassing, 141 Minn. 106, 169 N. W. 485; State v. McPadden, 150 Minn. 62, 184 N. W. 568; State v. Lightheart, 153 Minn. 40, 189 N. W. 408. By their verdict the jury has found that the story of the girl is true. The verdict has been approved by the trial court and the evidence is sufficient to preclude this court from disturbing it.

Defendant claims to have been prejudiced by the insinuating nature of questions asked on cross-examination as to his habit of meeting girls and giving them rides. Objections to these questions were promptly sustained and the court instructed the jury to draw no inferences from them. Conceding that the questions were improper no prejudice resulted. State v. Rutledge, 142 Minn. 117, 171 N. W. 275.

Defendant urges as error the refusal of the court to instruct the jury that they could find him guilty of the lesser offense of an assault with intent to commit the crime charged or of simple assault. It is true that these offenses are included in the crime charged and that the requested instruction should have been given, if the evidence warrantd it. But under the evidence in this case defendant

was either guilty of the offense charged or he was innocent. There is no evidence which would justify finding him not guilty of the offense charged but guilty of a lesser offense included therein; and in such cases the court may properly refuse to submit the lesser offenses. State v. Broughton, 154 Minn. 390, 192 N. W. 118; State v. Towers, 106 Minn. 105, 118 N. W. 361; State v. Smith, 56 Minn. 78, 57 N. W. 325.

The case was submitted to the jury in a charge which was full, clear and eminently fair to the defendant and to which no exception is taken. A careful examination of the record discloses nothing which would justify this court in setting aside the verdict and the order appealed from must be and is affirmed.